## Churchill Downs-Latonia, Inc., v. Reeves et al.

June 20, 1944.

836

Milliken & Handmaker for appellant.

Eldon S. Dummit, Attorney General, and Earl S. Wilson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming in part and reversing in part.

The appellant operated two race tracks during the years 1934 and 1935. Pursuant to KS sec. 4223b-7, KRS 137.170, it owed the Commonwealth $205,000 for license taxes, computed at the rate of $2,500 for each day of racing. Instead of paying the taxes the appellant instituted actions to enjoin the collection thereof, contending that the Gross Receipts Act of 1934, Acts 1934, Ex. Sess., c. 25, repealed KS sec. 4223b-7. This court, in City of Louisville v. Churchill Downs, Inc., 267 Ky. 339, 102 S. W. 2d 10, in an opinion which became final on March 23, 1937, resolved the controversy adversely to the appellant and held that it owed the taxes.

On May 13, 1937, immediately after the entry of judgment in the lower courts, the appellant satisfied them in full by paying the tax and $8,609.92 interest.

While the litigation was pending the State Income Tax Law (KRS Chap. 141) was enacted in the year 1936. The first returns under this act were due April 15, 1937, covering income for the calendar year 1936.

The appellant has always made its income tax returns, state and federal, upon the cash receipt and disbursement basis. In making its income tax returns, both state and federal, for the fiscal year ending February 28, 1938, it deducted from its income $213,609.92, the amount of taxes and interest above mentioned. The Federal Government allowed the deduction as of that year.

The Commissioner of Revenue disallowed the deduction on the state return and notified the appellant of intention to make a deficiency assessment of $6,408.94 by reason of such disallowance. Protest was made and overruled and the Kentucky Tax Commission denied a petition for review. On appeal to the Franklin Circuit Court demurrer to the petition and statement of appeal was sustained and the petition dismissed, hence this appeal. The facts were stipulated as above set out.

Had the taxes owing by appellant been paid in the years 1934 and 1935 when they were due, the amount thereof could never have been used as a deduction from income for income tax purposes because the first income tax law adopted in this state was applicable to income for the calendar year 1936. In Reeves, Commissioner of Revenue, v. Turner, 289 Ky. 426, 158 S. W. 2d 978, we held that it was not the intention of the legislature to permit a deduction from income of federal income taxes which should have been paid in a year prior to the effective date of the state income tax law, and which, if so paid, could never have been used as a deduction for income tax purposes. We regard that case as controlling here.

The appellant insists that since it contested the legality of the taxes in good faith and merely postponed payment thereof until their validity was determined in court, the deduction should be permitted as of the year in which the taxes were paid since its returns are made on a cash basis. It seeks thus to distinguish the case before

us from Reeves v. Turner, but the controlling point in the latter case was not the good faith of the taxpayer's delay in payment but the fact that the taxpayer was seeking to deduct from income a tax which could never have been used to reduce the amount of his income if it had been paid when due. In support of its argument the appellant relies on certain language of the opinion in Bigelow v. Reeves, 285 Ky. 831, 149 S. W. 2d 499, 502. The court there, in holding that a taxpayer could not use as a deduction taxes due in former years which she had wrongfully failed to pay, said "* * * it is conceivable that in some circumstances the income tax payer might be entitled to deductions of taxes paid during the year or years previous to the making of his income schedule when the amount paid was an accumulated sum representing more than the amount of annual payments due —an illustration of which is when the taxpayer in good faith contests his liability for the tax, or its amount, and the delay in payment results from such deferred determination by the courts or tribunals before which the disputed issues are submitted, and by which they are finally determined. In such a case most probably the payment would be a deductible item under our income tax law for the reason—and only for the reason—that the deferred payment was not due to any wrongful act or negligent act of the tax payer, but based on his bona fide belief that the particular tax, or some part of it, was illegal, and for which he was not liable therefor."

We doubt that the court meant that language to be applicable to a tax which the taxpayer should have paid in a prior year and which, if so paid, could never have been used as a deduction. We construe it as applicable to taxes due since the effective date of the income tax law, where payment is contested in court in good faith. In any event, the language was used merely by way of argument and did not profess to declare a rule, since, on its face, it purports to deal only with probabilities. We think the holding in Reeves v. Turner, which we regard as controlling here, is sound.

The state income tax law provides (KRS 141.050) that, "* * * The department shall apply as far as practicable the administrative and judicial interpretations of the Federal income tax law. Computations of income for purposes of this chapter shall be as nearly as practicable identical with the calculations required for Federal income tax purposes * * *."

It is contended by the appellant that since the federal income tax authorities allowed the deduction this statute requires the allowance of the deduction for state purposes. We regard that statute, however, as requiring the application of interpretations of the federal income tax law by the federal authorities only in cases where an identical or similar situation arises under the state law. The statute merely provides that such interpretations shall be applied ''as far as practicable.'' In the case before us the question presented is not identical or similar under the federal and state income tax laws. The taxes in question were deductible under the federal law in one year or another, the question being as to what year—the Federal Government did not allow a deduction which could not have been used as a deduction if it had been paid when due but merely permitted the deduction to be made in a later year when it was paid. In the circumstances we do not think the statute requires the adoption of the interpretation made by the federal authorities.

Strong reliance is also placed by the appellant on Dixie Pine Products Co. v. Commissioner of Internal Revenue, 320 U. S. 516, 64 S. Ct. 364, 88 L. Ed. ... There the Supreme Court held that a taxpayer using the accrual basis for its returns could not contest liability for a tax in court and at the same time deduct the amount of the tax from income, but must await the event of the litigation and claim the deduction in the taxable year in which its liability for the tax was finally adjudicated. But the reasons given above, impelling us to reject the interpretation of the federal taxing authorities allowing the deduction from income for federal income tax purposes, serve also to render that case of little persuasive effect. The court was dealing with a deduction allowable in one year or another, the question being only as to the year in which it was allowable. It is our conclusion that these taxes, which should have been paid prior to the effective date of our income tax law and whose payment was delayed by voluntary act of the taxpayer, were not properly deductible from income.

A different question is presented as to interest paid on the taxes. This interest was a legitimate business expense and a large portion of it accrued after the effective date of the income tax law. Had the appellant paid the tax when due, borrowing the money for the

purpose and paying its obligation with interest on May 13, 1937 (the date on which it paid the taxes), the interest would clearly have been a deductible item in the year in which it was paid. As to interest the time of payment was not fixed by law and there was no such postponement of payment from a time before the effective date of the income tax law as there was in the case of the taxes. The interest paid on the taxes was as clearly deductible as other items of interest which the appellant may have paid during the fiscal year in question.

The judgment is affirmed to the extent that it denies a deduction for taxes and reversed in so far as it denies a deduction of $8,609.92 for interest, with directions to enter a judgment in conformity with this opinion.