## Oates, Com'r of Revenue, et al. v. Ballard.

Feb. 2, 1945.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellant.

Ogden, Galphin, Tarrant & Street for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The question for determination is whether the state income tax on a revocable trust is payable by the beneficiary or by the creator of the trust. The Department of Revenue of Kentucky assessed the tax against the grantor, which ruling was sustained by the Kentucky Tax Commission and the grantor appealed to the Franklin Circuit Court. The court set aside the assessment and the Commissioner of Revenue appeals.

In 1936 appellee, Mrs. Jane Fish Ballard, then and now a resident of Kentucky, together with her brother, F. S. Fish, then and now a resident of New York, created a trust for their mother, Mrs. Grace Fish, then and now a resident of New York, by transferring certain securities to the City Bank Farmers Trust Company of New York as trustee. Under the terms of the trust agreement the income was to be paid to the mother during her life and upon her death the trust terminated. The brother and sister reserved the right to revoke the trust by a joint agreement in writing, and upon revocation or termination of the trust the corpus passed in equal shares to Mrs. Ballard and Mr. Fish.

It is contended by the Commissioner that the income derived by the beneficiary from the corpus of a revocable trust is taxable to the donor and that the federal decisions have announced principles which supply any deficiencies in the Kentucky statute in placing such tax liability on the donor.

The 1924 amendment to the Internal Revenue Act, chap. 234, section 219(g), 26 U. S. C. A. Int. Rev. Acts, page 176, reads:

"Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor."

Before this amendment there had been some doubt and confusion as to whether the income from a revocable trust was taxable to the settlor or to the beneficiary. But the amendment, as well as subsequent ones, removed the doubt and since its enactment it is quite clear that such tax liability is placed on the settlor. Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916; Helvering v. Clifford, 309 U. S. 331, 60 S. Ct. 554, 84 L. Ed. 788; Helvering v. Horst, 311 U. S. 112, 61 S. Ct. 144, 85 L. Ed. 75, 131 A. L. R. 655; Helvering v. Eubank, 311 U. S. 122, 61 S. Ct. 149, 85 L. Ed. 81; Harrison v. Schaffner, 312 U. S. 579, 61 S. Ct. 759, 85 L. Ed. 1055; Annotation, 106 A. L. R. 798.

Our statute relative to income tax (KRS 141.050) provides:

"* * * The department shall apply as far as practicable the administrative and judicial interpretation of the Federal income tax law * * *"

The Commissioner insists that under this provision Kentucky must follow the federal statute as interpreted by the federal authorities and tax the income from revocable trusts against the grantor rather than against the beneficiary. It will be noticed that our statute provides that this State will follow the federal interpretations "as far as practicable." We have construed KRS 141.050 as requiring the application by the Department of Revenue of interpretations of the federal income tax statute by the federal authorities only in those cases where the same or similar situations arise under our statutes. Churchill Downs-Latonia, Inc. v. Reeves, 297 Ky. 835, 181 S. W. 2d 398. Hence our task is to determine whether or not the Kentucky income tax statute presents the same or a similar situation as does the federal act relative to the tax liability of income from a revocable trust.

When the General Assembly of Kentucky enacted our income tax law in 1936, there was before it the federal income tax law which we have seen expressly made the creator of a revocable trust liable for the tax on the income from such a trust. But our lawmakers did not adopt the federal act. On the contrary, they plainly relieved the creator of all trusts from the tax on the income therefrom and made the beneficiary liable therefor. Section 141.010 KRS includes income derived "through estates or trusts by the beneficiaries thereof, whether as distributive or as distributable shares." Section 141.030 KRS says:

"The tax imposed by (this act) upon individuals shall apply to estates and trusts and to all fiduciaries. * * * the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year."

Our income tax act makes no distinction between income from a revocable or an irrevocable trust. Hence our income tax law does not present the same or a similar situation relative to income from a revocable trust as is presented by the federal law, and the construction placed by the federal authorities thereon has no bearing

664

upon the proper construction to be given the Kentucky act. The same conclusion at which we have arrived appears to have been reached by the Supreme Court of Wisconsin in First Wisconsin Trust Co. v. Wisconsin Dept. of Taxation, 237 Wis. 135, 294 N. W. 868.

A comparison of our income tax law with the national one, and the decisions construing them, will show that a different problem was facing the two taxing authorities. Kentucky was not confronted with the difficulty of its citizens reducing their income tax liability by creating trusts and thereby shifting part of their income to the beneficiaries of such trusts. The State's concern was to tax the income received by the beneficiary. The federal government's problem was just the opposite—to prevent citizens in the higher brackets from reducing their taxes by dividing their incomes with beneficiaries (usually persons closely related to them) in the lower income brackets. This difference of ends to be attained accounts, in our judgment, for the state act not following the national one relative to taxing incomes received from revocable trusts. However that may be, the General Assembly of Kentucky made the beneficiary of a trust, regardless of whether it was revocable or irrevocable, liable for the tax on the income received therefrom, and the lower court was correct in so holding.

The judgment is affirmed.