# Kentucky Tax Commission v. Sandman.

June 19, 1945.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellants.

Leo J. Sandman and R. Lee Blackwell for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

This equity action was instituted in the Franklin circuit court by Leo J. Sandman as an appeal from an income tax assessment which had been made against him by the Department of Revenue on June 30, 1942. His authority for this particular procedure is found in section

4281b-26, as amended by section 4114h-5, 1939 Carroll's Kentucky Statutes. There is no controversy over the facts, the sole question presented being one of law.

Mr. Sandman is an attorney at law, with office and residence in the city of Louisville. He reports and pays both his state and federal income taxes on a cash basis, rather than on an accrual basis. In February of 1934 he was employed by a Pittsburgh, Pennsylvania, client to prosecute a claim before the United States Court of Claims at Washington. Under his contract of employment his fee was on an exclusively contingent basis. In the prosecution of the claim he performed services, by way of taking depositions and otherwise, in the states of Ohio, Pennsylvania, Missouri, and in the District of Columbia, in each of the years from 1934 to 1940, finally obtaining judgment for his client and collecting his fee in the year 1941. Having no way of knowing whether he would be successful in the litigation or collect any fee at all, his prospects or expectations in that connection were in nowise reflected in his income tax reports or payments for any or either of the years mentioned prior to 1941. However, in connection with his 1941 return he allocated his fee in the above mentioned case over the years 1936, 1937, 1938, 1939 and 1940, and filed amended returns accordingly, accompanying them with his affidavit in which he fully set forth the facts. Entertaining the view that such an allocation was not allowable under the statute, the Revenue Department rejected his amendatory returns, added the full amount of his fee to his 1941 return, and assessed a deficiency tax on that basis. The Chancellor sustained Mr. Sandman's position and denied that of the taxing authorities; hence, this appeal by the latter.

This is the first time this precise question of law has been presented to us, but we do not find it to be difficult of solution.

Subsection (1) of 4281b-23, Carroll's 1936 Kentucky Statutes, which was in force and effect during and throughout the years 1934 to 1941, both inclusive, and which, with immaterial changes in phraseology and arrangement, is carried in KRS as 141.050, reads:

"The Department of Revenue is hereby authorized and required to administer the provisions of this Act. For this purpose it shall have power and it shall be its duty

to promulgate such regulations and to prescribe such forms as may be necessary for the enforcement of the Act. It is hereby made the duty of the Department to prescribe forms identical with those utilized by the federal government except to the extent required by differences between this Act and its application and the federal act and its application. It is also made the duty of the Department to apply as far as practicable the administrative and judicial interpretations of the federal income tax law. It is declared to be the intent of the General Asembly that computations of income for purposes of this Act shall be as nearly as practicable identical with the calculations required for federal income tax purposes.''

And in Martin, Commissioner of Revenue, et al. v. Gage, 281 Ky. 95, 134 S. W. 2d 966, 126 A. L. R. 449, we indicated that this provision means precisely what it says, towit: The Revenue Department shall apply the administrative and judicial interpretations of the federal income tax law insofar as practicable.

In virtue, therefore, of the direct and simple language of our statute and of what we said in our opinion in the Gage case, only two questions are presented: (1) Do the federal income tax law and the administrative and judicial interpretations thereof authorize such an allocation as Mr. Sandman has attempted? (2) If so, is there any provision in our state income tax law or in the situation of the parties which would render an application of the federal rule impracticable?

(1) It must be considered that the appellants yield on the first point, inasmuch as they neither cite authority nor argue to the contrary. And, in any event, the federal act itself gives a direct and final affirmative answer to the question. The applicable section of that act, as amended in 1942, is carried in 26 U. S. C. A. Int. Rev. Code, as section 107. It reads:

''(a) Personal services. If at least 80 per centum of the total compensation for personal services covering a period of thirty-six calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not

be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual.''

The fact that the act was amended in 1942 to read as quoted is immaterial, since about the only difference in language or purport between the original and the amendment is that in the former the minimum period of time mentioned was five years instead of thirty-six calendar months, and the minimum per centum of total compensation required to render the rule available was 95 instead of 80.

(2) It is the argument of the appellant taxing authorities that there is no provision in the Kentucky income tax law similar to section 107 supra, of the Federal Code and that an application of the federal rule in this instance would have the effect of completely ignoring KRS 141.010(5).

It is elementary that each section of a legislative act should be read in the light of the act as a whole; with a view to making it harmonize, if possible, with the entire act, and with each section and provision thereof, as well as with the expressed legislative intent and policy. This fundamental and salutary rule, when applied in construing subsection (5), supra, has the effect of completely refuting appellants' argument—an argument which, it may be noted, does not purport to be sustained, or even supported, by a citation of authorities.

The germane portions of subsection (5) of 141.010 read: '' 'Gross income' includes gains, profits and income derived from salaries, wages or compensation for personal services of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce * * *. The amount of all these items shall be included in the gross income for the taxable year in which received by the taxpayer, unless under the methods of accounting permitted in this chapter, the amounts are to be properly accounted for as of a different period.''

If the last sentence quoted had ended with the statement ''the amount of all these items shall be included in the gross income for the taxable year in which received by the taxpayer,'' the appellant would be on firmer ground. The Legislature did not stop there, however.

It had in mind the duty which it was imposing upon the Department of Revenue by, and its intent and policy as expressed in, 4281b-23, for which reasons it added the words ''unless under the methods of accounting permitted in this chapter, the amounts are to be properly accounted for as of a different period.''

To accept appellants' construction of subsection (5) would be to ignore the latter part of that section and to nullify completely 4281b-23.

By an amended petition the appellee seemed to take the position that the entire fee was exempt from taxation because it was both earned and received outside the state; and much of appellants' brief is devoted to a consideration of that question.

We agree with the appellants upon this point; but since there is nothing in the record to indicate that the Chancellor was influenced by this plea, and since the appellee has made a proper disclaimer in his brief, further comment is unnecessary.

Judgment affirmed.