## Kentucky Tax Commission v. Wickliffe.

Sept. 25, 1945.

Eldon S. Dummit, Attorney General, and Roy W. House, Assistant Attorney General, for appellant.

John C. Wickliffe and R. Lee Blackwell for appellee.

Opinion of the Court by Judge Harris—Affirming.

The appellee is an attorney at law, with office and residence in the city of Louisville; for income tax purposes he reports his income on a cash basis. During the year 1940 he collected a fee of $14,003.04 for services which had been rendered by him during and throughout the period extending from 1931 to 1940 as receiver of the Louisville Trust Company in an action pending in the Jefferson Circuit Court, and for services rendered by him as an attorney in connection with that receivership. It is conceded that it was impossible for him to determine the amount of compensation, if any, that finally would be paid him, or to report any income from that source prior to the year 1940.

By appellants' general demurrer to the appellee's petition as amended, the vital question presented to the Chancellor was whether the fee in controversy should be included in appellee's 1940 income and taxed accordingly, as contended by the appellants, or be distributed over the years 1937, 1938 and 1939, as contended by the appellee.

Being of the opinion that the appellant taxing authorities were in error in their contention and that the appellee was right in his, the Chancellor overruled the appellants' demurrer and then, upon the latter's failure to plead further, entered the judgment which the appellants now seek to reverse, to-wit:

"This action having been submitted upon the appellee's demurrer to the petition as amended, and the Court having overruled such demurrer and the appellee having declined to plead further, and the Court being advised,

"It is ordered and adjudged that the assessment made by the Department of Revenue of the State of Kentucky against the appellant, John C. Wickliffe, Jr., on June 12, 1942, of a deficiency income tax liability on account of fee for services as Receiver and Attorney of $14,003 shown in the said appellant's return filed for the calendar year 1940, in the sum of $517.65 with interest from April 15, 1941 was and is contrary to the statutes of the State of Kentucky and void; that similarly, the order of the Kentucky Tax Commission which was entered on September 28, 1942 against the said appellant, sustaining such assessment, was and is without warrant in law and

contrary to said Statutes and such assessment and order each is hereby set aside and held for naught, to all of which the appellee excepts and prays an appeal to the Court of Appeals of Kentucky, which is granted.''

This case is identical in principle with that of Kentucky Tax Commission v. Sandman, 300 Ky. 423, 189 S. W. 2d 409, and what we said in our opinion there applies with equal force and finality here. Since, however, the wording of the judgment in the present instance lends some color to appellants' contention that it has the effect of permitting the income in question to escape taxation entirely—an effect which probably is more apparent than real—it should be so modified or re-worded as to have the effect of sustaining the principle contended for by the appellee, without being open to the objection mentioned, and, as so modified or re-worded, it is affirmed.