940

J. D. Buckman, Jr., Atty. Gen., William S. Riley, Joseph L. Schoepf and William E. Scent, Asst. Attys. Gen., Department of Revenue, for appellant.

Hazelrigg & Cox, Frankfort, John Hopkins, Frankfort, Rodes K. Myers, Bowling Green, for appellee.

CULLEN, Commissioner.

The question is whether, under the provisions of the state income tax law in force during the years 1946, 1947 and 1948, a taxpayer could carry over to the following year a net loss sustained during a particular tax year.

The appellee, Daskell Borders, sustained a net loss in the operation of a farm during the year 1946. In his state income tax return for the year 1947, he carried over the loss and deducted it from his 1947 income. The Department of Revenue disallowed the deduction, and assessed an additional tax and penalties against Borders. In a suit by the department to collect the additional tax and penalties, the circuit court entered judgment denying recovery. The department has moved for an appeal.

The taxpayer maintains that he was entitled to carry over the loss under Section 122 of the Federal Internal Revenue Code, 26 U.S.C.A. § 122, which he contends was applicable for Kentucky income tax purposes by reason of the provisions of KRS 141.050(1). Subject to a number of exceptions and qualifications, the Federal Code section authorized a net operating loss in one year to be carried over into the succeeding two years. KRS 141.050(1) provided:

"The Department of Revenue shall prescribe forms identical with those utilized by the Federal Government except to the extent required by differences between this chapter and its application and the Federal income tax law and its application. The department shall apply as far as practicable the administrative and judicial interpretations of the Federal income tax law. Computations of income for pur-

poses of this chapter shall be as nearly as practicable identical with the calculations required for Federal income tax purposes."

The taxpayer relies upon Kentucky Tax Commission v. Sandman, 300 Ky. 423, 189 S.W.2d 407, 166 A.L.R. 512, in which this Court said, in effect, that the provisions of the federal income tax law would be applied for state income tax purposes unless there was a provision in the state income tax law or in the situation of the parties that "would render an application of the federal rule impracticable." The taxpayer advances that case as authority for the proposition that the federal law would be applied unless the state law expressly provided for a different result. The taxpayer maintains that KRS 141.080, which listed, among allowable deductions, losses "sustained during the taxable year", did not render impracticable the application of the federal law permitting a carry over of losses sustained during a preceding year, because KRS 141.080 did not state expressly that *only* the deductions therein listed would be allowed.

The Department of Revenue insists that, if the Sandman case means what the taxpayer says it does, it should be overruled. The Department maintains that KRS 141.-050(1) contemplated only the adoption of *interpretations* of federal law in those cases where the same or a similar situation arose under the state law, or where the provisions of the federal and state laws were similar. Support for this position is found in Churchill Downs-Latonia, Inc., v. Reeves, 297 Ky. 835, 181 S.W.2d 398; Oates v. Ballard, 299 Ky. 661, 186 S.W.2d 650, 159 A.L.R. 98, and Reeves v. Turner, 289 Ky. 426, 158 S.W.2d 978.

We are of the opinion that the interpretation of KRS 141.050(1) advanced by the Department of Revenue is the correct one. If we were to accept the argument of the taxpayer, it would mean that every deduction allowed under the federal law and not mentioned in the state law would have been allowable for state income

tax purposes, because KRS 141.080, in listing allowable deductions, did not state that the listed deductions were exclusive.

To the extent that the Sandman case can be considered authority for the proposition that the federal income tax law would always be applied in the absence of an express contrary provision in the state law, it is overruled.

The motion for an appeal is granted and the judgment is reversed with directions to enter judgment for the Commonwealth.