COMMONWEALTH of Kentucky By and on Relation of J. E. LUCKETT, Commissioner of Revenue, Appellant,

v.

Mark KETTENACKER, Appellee.

Court of Appeals of Kentucky.

May 6, 1960.

Maye Briscoe Burns (Department of Revenue), Frankfort, for appellant.

Chat Chancellor, Tom F. Marshall, Frankfort, Thomas D. Hirschfeld, Davies & Hirschfeld, Newport, for appellee.

BIRD, Judge.

The Commonwealth of Kentucky appeals from a judgment dismissing its claim against a tax delinquent.

On May 20, 1952, the Commonwealth by its Department of Revenue, under the authority of KRS 131.150, made a jeopardy assessment for income taxes covering several years of unreported income. The delinquent was duly notified at the time and liens against his property were duly recorded. Under KRS 131.150 this assessment is tentative. However, under KRS 131.110(1) (a) the assessment becomes final if no exception or protest is filed in writing within thirty days from the date of notice. No protest or exception being filed under KRS 131.110(1) (a) the assessment became final in June, 1952, for the years enumerated in the assessment.

At this point let us note that no petition for review was filed under KRS 131.110(1)(b). Consequently under KRS 131.125(1) any defense that the delinquent may have had could no longer be asserted against the assessment either in the Department of Revenue, or before the State Tax Commissioner, or in a court of law. The assessment became absolutely final in June, 1952, and the delinquent then and there became indebted to the Commonwealth as provided by the assessment with no further defense available to him. The assessment could not thereafter be altered either by the delinquent or the taxing authority under any condition.

■ Notwithstanding the finality of the 1952 assessment the Department of Revenue upon receiving information from federal tax authorities made a second assessment against this delinquent for the same years covered by the 1952 assessment. This action was filed on July 5, 1957, to recover delinquent taxes according to the second assessment. It will be noted that this action was filed more than five years after the first assessment became final. Under KRS 131.110 the taxes under the first assessment became due and payable on the day that the assessment became final. Delinquent's plea of limitation is in the record.

Upon the delinquent's motion for summary judgment the trial court dismissed the complaint upon the ground that the tax claim was barred by limitation. The Commonwealth insist that this is error. We must, however, agree with the trial court.

Unfortunately the Commonwealth failed to assert its claim for taxes under the first assessment. That assessment became final more than five years before the filing of this action. The finality of that assessment is absolute. Both the Commonwealth and the delinquent must unalterably accept it as being correct for the years covered. The Commonwealth could not by the second assessment or in any other manner alter the delinquent's obligation under the first

assessment. It is obvious that the binding finality of the first assessment is beyond question. There being nothing to toll the running of the statute of limitations it was the burden of the Commonwealth to act upon it within five years from the date of its finality. Having failed to so act, its right to recover the delinquent taxes for the years enumerated in the first assessment is barred by limitation under KRS 413.120 and the liens created thereunder are unenforceable.

The judgment is affirmed.