David C. KOEHLER, Appellant,

v.

COMMONWEALTH of Kentucky by and on relation of J. E. LUCKETT, Commissioner of Revenue, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1968.

Robert M. Lindsay, D. Paul Alagia, Jr., Brown, Miller & Alagia, Louisville, for appellant.

Benjamin J. Lookofsky, William S. Riley, Mary Catherine Holcomb, Dept. of Revenue, Frankfort, for appellee.

EDWARD P. HILL, Judge.

The Commonwealth of Kentucky by and on relation of its then Commissioner of Revenue filed this action October 17, 1956, to recover from appellant $9,794.79 representing a claim for back income taxes, penalties, and interest for the years 1942 through 1947. KRS 135.050(2) and KRS 23.020(1).

On June 8, 1967, appellee recovered a judgment against appellant for $37,228.12 with 6 percent interest thereon from June 6, 1967, until paid. Understandably Koehler appeals.

Appellant's brief states that in May 1952 the Federal Internal Revenue Service issued a supplemental report showing a tax liability of appellant for the five-year

**398**

period above mentioned amounting to $133,-532.14, which was later settled by Koehler for $90,000.

The Kentucky revenue people, after exchange of information with the Internal Revenue Service as they are wont to do, did, on January 28, 1953, assess appellant for the additional income for the period involved. No protest, exception, or appeal to the assessment was filed by appellant although KRS 131.110 and KRS 131.125 provided therefor. Appellee urges as its only offensive tactic that appellant's remedy under the last quoted statute was exclusive.

Appellant assails the judgment upon the following four "arguments," some of which have subheadings. First, appellant says the trial court "erred in granting a summary judgment in favor of the appellee and in overruling the appellant's motion to dismiss as the court below lacked jurisdiction over the subject matter." Second, appellant contends that summary judgment was erroneous in that there was a genuine issue of fact (a) as to whether, as he contends, he was a resident of New Albany, Indiana, (b) as to the characterization of income by the appellee, inconsistent with the characterization made by the Internal Revenue Service (I.R.S. classified the income as "dividend income" while appellee classified it as straight income). Third, appellant questions the action of the trial court in setting aside its previous order dismissing the complaint. And fourth and finally, appellant questions the "right title and authority" of J. E. Luckett, Commissioner of Revenue, to prosecute this action for the reason he was not properly substituted as a party plaintiff.

■ We first take up the question of jurisdiction. Appellant contends that during the tax period in question he was a resident of Indiana; that inasmuch as the I.R.S. had classified his tax liability as "dividend income," that under the provisions of KRS 132.190(4) the "situs of intangible personal property for purposes of taxation shall be at the residence of the

real or beneficial owner, and not at the residence of the fiduciary or agent having custody or possession," it became the duty of the Commissioner of Revenue under KRS 141.050(1) to adopt the same classification of his income as did the I.R.S. KRS 141.050(1), among other things, provides that "The department shall apply as far as practicable the administrative and judicial interpretations of the Federal income tax law."

Appellant cites Commonwealth ex rel. Allphin v. Borders, Ky., 267 S.W.2d 940, 42 A.L.R.2d 795, wherein this court accepted and adopted the interpretation of KRS 141.050(1) to require the "Department" of Revenue to adopt "only" the "interpretations of Federal law in those cases where the same or a similar situation arose under the state law, or where the provisions of the federal law and state law were similar."

As we interpret Borders, supra, and the statute with which it is concerned, only Federal laws and computations of income not inconsistent with state laws or regulations must be applied. In the present case, the Department had the power to classify appellant's income subject to the right of appellant to object or accept under KRS 131.110 or appeal pursuant to KRS 131.125; neither of which did he do. In this connection we must agree with appellee that appellant's remedy was exclusively under the quoted statutes, and under the rule in Commonwealth by and ex rel. Luckett v. Kettenacker, Ky., 335 S.W.2d 339 (1960), the assessment became final.

■ Next appellant charges that summary judgment was improper for the reason that he filed numerous affidavits creating an issue showing he was a resident of Indiana. It should be remembered however that appellant admitted having filed income tax returns with appellee for each of the years involved and paid some taxes in each of the years except 1943. Under the authority of Kettenacker, supra, the question of his residence was foreclosed when he neglected to pursue his remedy

provided in KRS 131.110 and KRS 131.120. See KRS 131.125(1) which we quote:

"Unless otherwise specifically provided by law, no appeal from or review of any ruling, order or *finding* of the Department of Revenue or of the Kentucky Tax Commission shall be allowed except in the manner and subject to the conditions as provided in KRS 131.110 and 131.120. (Emphasis ours)

■ Appellant's third argument relates to the order of the trial court dated May 14, 1962, setting aside its previous order dismissing the complaint on appellant's motion grounded on the failure to state a cause of action upon which relief could be granted. From the record we note that the first order dismissing the complaint has no date. Appellee contended in the trial court and in this court that appellant's notice to it of his intention to present motion to dismiss was not sufficient for the reason that when there is presented with the motion to dismiss "matters outside the pleadings" under CR 12.02, ten-days' notice is required. Appellant counters with the argument that CR 12.02 does not apply because the affidavits filed with his motion to dismiss could not be considered "matters outside the pleadings," hence CR 6.04 applies and only three-days' notice was required. Appellee says even taking appellant's view, the three-days' notice (by mail from Louisville to Frankfort) was not reasonable. We think appellee's view is correct. Hence the action of the trial court was authorized, and its order setting aside its previous order dismissing was not error.

■ Appellant next and last questions the substitution of or failure to substitute the various commissioners of revenue since the filing of the suit in 1956 and cites CR 25.04. We note that this section only provides that substitution "may" be made. The real party in interest was and is the state (CR 17.01). We do not consider substitution as mandatory under CR 25.04 so long as the real party in interest is before the court.

It would appear that the amount of the judgment is something like three times the original amount prayed for in the complaint, which arouses some sympathy for the taxpayer. The long pendency of the action is a mystery into which this court has no right to speculate. It is common knowledge that delinquent taxes with the attendant penalties (one percent per month) and interest multiply at a greater rate than rabbits; so this court, like appellant's brief, will not concern itself with the amount of the judgment.

The judgment is affirmed.

All concur.