**MOBIL OIL CORPORATION, a corporation, Appellant,**

v.

**STATE TAX COMMISSION OF MISSOURI, Respondent.**

No. 58014.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1974.

John Dwight Evans, Jr., New York City, J. William Dalgetty, Harry P. Thomson, Jr., William B. Prugh, Kansas City, for appellant; Shughart, Thomson & Kilroy, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

The question is whether in computing its Missouri corporate income taxes for the years 1965, 1966, 1967 and 1968 Mobil Oil Corporation was authorized to deduct an allowance for depletion of its oil and gas properties in excess of their cost, i. e., after the capital originally invested in those properties has been recovered in full by previous deductions. The director of revenue and the state tax commission disallowed the claimed deductions. On review the circuit court affirmed the action of the commission. Taypayer has appealed to this Court, which has jurisdiction because the case involves the construction of the revenue laws of this state. We affirm.

During the years in question the following statutes and departmental regulation relating to deductions allowed corporate taxpayers were in force and effect:

*Statutes*

§ 143.160: "In ascertaining net income there may be deducted from gross income derived during the same period the following: * * * (2) Losses: (a) Losses actually sustained during the year incurred in a taxpayer's business or trade, including reasonable allowance for exhaustion, depreciation, obsolescence, wear and tear of property in the business or trade; * * *."

§ 143.190, subd. 3.: "Losses in case of oil and gas wells shall include a reasonable allowance for actual reduction in flow and production, to be ascertained not by the flush flow, but by the settled productions for regular flow, * * * under rules and regulations prescribed by the director of revenue; provided, that when the allowance authorized * * * shall equal the capital originally invested * * * no further allowance shall be made."

§ 143.200: "The director of revenue may prescribe reasonable rules and regulations for administration of the provisions of the laws relating to the levy, assessment, collection and payment of taxes based on incomes. Such rules and regulations shall follow as nearly as practicable the rules and regulations prescribed by the United States government on income tax assessments and collections."

*Departmental Regulation*

Regulation M.R. Sec. 140.3: "Deductions Allowed from Gross Income.—In determining adjusted gross income the following may be deducted. * * * 3. Depletion. —An allowance for depletion may be deducted from gross income. (R.S.Mo.1959, Sections 143.040, 143.050, 143.070, 143.080 and 143.160). This allowance is confined to minerals, oil and gas. Whenever any of them is removed from its natural position or native state, the original amount is reduced by just that much. This gradual reduction is known as 'depletion,' and to compensate for it the law permits a depletion deduction in computing income. The total amount of depletion allowed over the years may not exceed the amount of capital originally invested. R.S.Mo.1959, Section 143.190. * * * The amount deductible is to be computed by percentage method. * * *.

"Percentage Depletion.—(a) Oil and Gas Wells.—The allowance for depletion is 27½% of the gross income from the property. * * *"

Chapter 143, RSMo 1969, V.A.M.S., Income Tax, as amended in 1971, consisting of sections 143.010 to 143.500, including sections 143.160, 143.190 and 143.200, was repealed by Laws 1972, p. 699, S.B. No. 549, § A, and a new Chapter 143, consisting of sections 143.011 to 143.996 relating to the same subject matter, was enacted in lieu thereof. Although §§ 143.160, 143.190 and 143.200 have been repealed they were in force and effect during the times in question on this appeal and must be considered in deciding this case. They will be referred to in the present tense throughout this opinion.

Taxpayer's first point is that the trial court erroneously upheld the tax commission's Regulation M.R. Sec. 140.3(3)(a), by applying a proviso adopted from § 143.190, subd. 3. to the conflicting portion of § 143.160(2)(a), contrary to the rule that a proviso to a particular section will not be applied to other sections unless plainly intended, but will be construed with reference to and restricted and confined to the immediately preceding parts of the clause to which it is attached; that "[a] proviso found in one statute cannot, by administrative fiat, be reincarnated and applied to a wholly separate statute." Taxpayer argues that depletion of oil and gas wells is the same as the "exhaustion, depreciation and obsolescence" referred to in § 143.160(2)(a); that the latter section governs; that there is no restriction, express or implied, in § 143.160(2)(a), limiting the amount of the deduction for depletion to the amount of capital originally invested in the depleted assets (cost); that § 143.190, subd. 3. is inapplicable because depletion based upon flow is a method of depletion not used by taxpayer or others in the oil industry for many years; that the first Missouri income tax law, enacted in 1917, taken verbatim from the Internal Revenue Act passed by Congress in 1916, 39 Stat. 768, provided for a reasonable allowance for depletion based on reduction in flow, but this method proved to be impractical;

was discarded by taxpayers in the oil industry and the federal government, and replaced by the modern percentage method of depletion; that the two methods are antagonistic, cannot coexist, and that the regulation applying the proviso in § 143.190, subd. 3. to § 143.160(2)(a) "attempts to combine two unrelated and contradictory methods for the measurement of depletion contrary to the applicable principles of statutory construction"; and therefore that part of the regulation limiting the deduction for percentage depletion to original cost is unauthorized, erroneous and invalid.

■ This point is not well taken. We reject taxpayer's contention that the only appropriate and applicable statutory depletion provision is § 143.160(2)(a), and that the director of revenue has improperly applied the proviso in § 143.190, subd. 3. to § 143.160(2)(a). Section 143.160(2)(a) does not deal with the subject of depletion of oil and gas wells. It deals with depreciation of tangible physical property; with wear and tear and deterioration of property incident to its use, resulting in the shortening of its useful life. Depletion, in contrast, deals with and relates to the wasting and exhaustion of natural resources. The distinction between depreciation and depletion is well recognized. Choate v. Commissioner, 324 U.S. 1, 3, 65 S.Ct. 469, 89 L.Ed. 653 (1945); Arkansas-Oklahoma Gas Co. v. Commissioner of Int. Rev., 201 F.2d 98 (8th Cir. 1953); Arkansas-Louisiana Gas Co. v. City of Texarkana, 17 F.Supp. 447, 460 (W.D. Ark.1936); Kennecott Copper Corp. v. United States, 347 F.2d 275, 171 Ct.Cl. 580 (1965). Through the years both federal and state income tax laws have treated depletion of oil and gas wells and depreciation of tangible property as separate and distinct types of deductions.

■ Section 143.190, subd. 3. is a specific statute regulating the particular subject of losses of oil and gas wells from depletion and the limitations on depletion allowances—the only statutory provision on this subject on the books during the period in question. The fact that Missouri tax authorities and the oil industry abandoned the statutory flow method of figuring depletion, in favor of the percentage method provided for by administrative regulation, does not compel the conclusion that § 143.-190, subd. 3. is inapplicable, as taxpayer contends. Section 143.190, subd. 3. was not annulled or repealed by its nonuse or neglect. It was in full force and effect for more than fifty years, including the years 1965–1968, and until repealed by Laws 1972, p. 699, S.B. No. 549 § A.

Section 143.200 authorizes the director to prescribe reasonable rules in the administration of the income tax laws. The director of revenue, acting under § 143.200, prescribed a regulation authorizing percentage depletion, limited however by a provision prohibiting a deduction in excess of original capital investment. There is no statutory authority for percentage depletion, but neither party has challenged the validity of that part of the regulation authorizing percentage depletion. The question before us is not whether the director had authority to provide for percentage depletion, but whether the director had authority to add to his regulation allowing percentage depletion a provision limiting deductions to original cost.

■ The limitation is an effort to effectuate the legislative will in the matter of depletion allowances. If the director had the authority by regulation to allow deductions for depletion on a different basis than that provided for by statute (a question we do not determine) he had authority to add to it the same limitation prescribed by the legislature. We cannot declare it unreasonable for the director, in deference to the manifest intention of the legislature as expressed in the proviso of § 143.190, subd. 3., to incorporate that legislative declaration in Reg. M.R. Sec. 140.3. Deductions for income tax purposes are a matter of legislative grace. The burden is on the taxpayer seeking a deduction to demonstrate that he comes within the

terms of a statute granting that privilege. New Colonial Ice Co., Inc. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348 (1934); White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172 (1938). A taxpayer desiring to take advantage of a depletion deduction must accept the burdens as well as the benefits of the legislative act of grace, Producers Pipe & Sup. Co. v. State Comm. of Revenue & Taxation, 179 Kan. 231, 293 P.2d 1003, 1006 [2] (1956), but this taxpayer takes an untenable position. Ignoring the only statutory allowance of a deduction for depletion of oil and gas wells, taxpayer wants the benefit of an administrative regulation of debatable validity as authority for a deduction, but is unwilling to assume the burden of the limitation imposed by the regulation (and statute) restricting the deduction to recapture of original cost.

Taxpayer argues that the percentage depletion method is inconsistent with the flow method provided for in § 143.190, subd. 3. There was no expert evidence introduced with respect to the difference between these accounting methods, and since this is not a subject of which judicial notice can be taken, we are in no position on this record to make a judgment on this question, or to assess the legal effect of any such inconsistency.

Taxpayer resolutely maintains that Regulation M.R. Sec. 140.3 is not authorized by law and is void because it is not consistent with federal tax laws, as required by § 143.200, supra; that since 1926 the federal government has followed the percentage method of determining depletion; that the federal laws, rules and regulations do not contain any provision limiting the amount of allowable deductions to cost or the recovery of capital; that under § 143.-200 the director of revenue is obligated to follow the lead of the federal government in this respect; that because the limitation in M.R. Sec. 140.3 is inconsistent with federal statutes, rules and regulations it is erroneous and invalid.

Taxpayer's position overlooks two vitally important and decisive factors. In the first place, in authorizing the prescription of rules and regulations relating to the administration of the income tax laws § 143.200 does not delegate to the director the power to promulgate rules of *substantive* law. The rules and regulations which the director of revenue is empowered by § 143.200 to prescribe are limited to *procedural* rules and regulations useful in the administration and enforcement of the income tax laws. In the second place, the statutory direction that the rules and regulations shall follow the federal rules and regulations as nearly as practicable does not require or authorize the director to ignore a specific, pertinent, applicable state statute and promulgate rules and regulations in conflict therewith. Missouri law is different from federal law. It limits its deductions to recovery of original cost, whereas federal law no longer so limits deductions. §§ 611, 613 I.R.C.1954. Section 143.200 does not impliedly repeal § 143.190, subd. 3., as claimed, nor would it be "practicable" within the meaning of § 143.200 for the director to promulgate regulations contrary to a clear statutory provision governing depletion which is inconsistent with federal treatment of the question. In cognate situations Kentucky holds that federal income tax laws and interpretations of federal income tax laws by federal authorities are to be applied to the Kentucky income tax laws only where the same or a similar situation arises under state law and that Kentucky's statute similar to our § 143.200 does not mean that federal income tax law will always be applied in the absence of an express contrary provision in the state law. Commonwealth ex rel. Allphin v. Borders, 267 S.W.2d 940 (Ky.1954), 42 A.L.R.2d 795; Churchill Downs-Latonia, Inc. v. Reeves, 297 Ky. 835, 181 S.W.2d 398 (1944). In other fields of the law Missouri holds that specific provisions of state law take precedence over related federal provisions. Chief Freight Lines Co. v. Industrial Commission, 366 S.W.2d 48 (Mo.

App.1963); Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96 (1952). We follow the Kentucky rule on this question.

■ There is no merit in taxpayer's further contention that in upholding the tax commission's decision the trial court "did not exercise independent judgment to determine the validity of Regulation M.R. Section 140.3(3) of the Missouri Director of Revenue." Taxpayer objects that the judgment below merely stated that the decision of the commission was affirmed; points out that in an enclosure letter to the lawyers the trial judge stated "that Section 143.190(3) was not repealed by the enactment of Section 143.200 * * *"; contends that the other grounds set forth in detail in its brief "were not considered" by the trial court, and argues from this that the judgment is erroneous and should be reversed. We presume right action on the part of the trial court. There is nothing to show that the court failed to consider all of the points raised by taxpayer, or failed to exercise an independent judgment in deciding the case. On the contrary, the wording of the judgment: "Now on this 2nd day of June 1972, this cause having come on regularly for hearing on the transcript of the proceedings before the State Tax Commission and the arguments and briefs of counsel, and the Court being fully advised finds that the action of the State Tax Commission of Missouri is supported by competent and substantial evidence and is not arbitrary, capricious or unreasonable and is authorized by law" clearly indicates that the court considered the transcript, the arguments and briefs of counsel. The point is disallowed. There is no requirement that the circuit court on review of a decision of the state tax commission render an opinion written *in extenso* specifically disposing of each and every assignment of error in the petition for review or in the briefs of petitioner. In case of an affirmance of an agency's decision § 536.-140, subd. 5., RSMo 1969, V.A.M.S., and Rule 100.07(e), V.A.M.R., require nothing more than the rendition of a judgment of affirmance.

■ Nor is there merit in taxpayer's complaint that the opinion of the state tax commission was insufficient because not supported by facts, as required by § 536.-090, RSMo 1969, V.A.M.S.; that as a consequence it provides no basis for circuit court review because it does not show how the controlling issues have been decided. Taxpayer asserts that under Iron County v. State Tax Commission, 480 S.W.2d 65 (Mo.1972), the circuit court erred in upholding the agency decision. The factual resolution of which taxpayer complains, 14 pages in length, fully and adequately states the factual background and basis for the decision. Three pages of conclusions of law thoroughly present and clearly decide the sole issue for decision, "whether the taxpayer, Mobil Oil Corporation, is entitled under Section 143.190.3, RSMo 1969, to a depletion allowance in excess of the cost of the depletable properties, as is allowed under Federal law, or whether Taxpayer's depletion allowance is limited to the cost of the depletable property." The case is unlike the Iron County case, where there was a direct conflict in the evidence on the question of the propriety of an assessment for taxes, requiring the agency to make a concise statement of the findings upon which it based its order; in which the findings did not constitute "any factual resolution of the matters in contest before the Commission." 480 S.W.2d l.c. 70 [1]. In this case there was no conflict in the testimony; no controverted issue of fact requiring any further findings of fact than those made. The sole issue was a question of law on uncontroverted facts. The findings are amply sufficient to enable the circuit court on review and this Court on appeal "to ascertain the basis of the decision and how the controlling issues were decided," Jacobs v. Bob Eldridge Const. Co., 393 S.W.2d 33, 43 (Mo.App.1965), and " * * * to show whether the basis of [the agency's] decision was an issue of fact or a question of law." Michler v.

Krey Packing Co., 363 Mo. 707, 253 S.W. 2d 136, 142 (Mo. banc 1952).

No error appearing, the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

HENLEY, P. J., MORGAN, J., and DONNELLY, C. J., concur.

FINCH, J., not sitting.