**EAGLE MACHINE CO., INC.,**
Appellant,

v.

**COMMONWEALTH of Kentucky by
and on Relation of Gary W. GILLIS,
Secretary of Revenue, Appellee.**

Court of Appeals of Kentucky.

June 21, 1985.

Rehearing Denied Aug. 9, 1985.

Discretionary Review Denied and
Opinion Ordered Published by
Supreme Court Nov. 13, 1985.

Ben B. Hardy, Hardy & Hardy, Louisville, for appellant.

Arnold C. Jones, Revenue Cabinet, Enforcement Legal Section, Frankfort, for appellee.

Before COMBS, HOWARD and LESTER, JJ.

HOWARD, Judge.

Eagle Machine Co., Inc., appeals from a Franklin Circuit Court judgment upholding jeopardy assessments of corporation income and license taxes.

In October of 1979, the appellee, Department of Revenue, sent to Eagle Machine notices of taxes due for the periods of 1976, 1977, and 1978. During those periods, the company did not file any tax returns. The appellee issued jeopardy assessments to Eagle Machine pursuant to KRS 131.150(1). The company filed a written protest challenging these assessments as provided for in KRS 131.110(1). In January of 1980, Eagle Machine submitted tax returns which were largely blank, and paid a minimal tax amount. The appellee notified the company that these forms were inadequate to support the protest and that the jeopardy assessments could not be withdrawn or altered.

On February 14, 1980, Eagle Machine requested a clarification of the legal status of the case, information on the right to

review and appeal the assessments, and a further extension of time to file the returns. On February 20, 1980, the appellee informed the company again that the incomplete forms were not sufficient to warrant alteration of the jeopardy assessments and that the appellee intended to sue for collection.

On August 18, 1980, the appellee filed a complaint against Eagle Machine in Franklin Circuit Court seeking a judgment on the assessments. After a review of the record and briefs, the circuit court rendered findings of fact and conclusions of law on November 30, 1983, holding Eagle Machine liable for the assessments. The judgment was entered December 27, 1983, and the judge denied a motion to vacate by order entered May 21, 1984. Eagle Machine appeals from that order.

The trial court found that Eagle Machine filed a timely protest of the assessed taxes, but that it had failed to supply the required supporting materials. Appellant argues that its protest is not void because it was not accompanied by full and complete tax returns. KRS 131.110(1) provides:

(1) The department of revenue shall mail to the taxpayer a notice of any tax assessed by it. The assessment shall be final if not protested in writing to the department within thirty (30) days from the date of notice. Such protest shall be accompanied by a supporting statement setting forth the grounds upon which the protest is made. Upon written request, the department may extend the time for filing the supporting statement if it appears the delay is necessary and unavoidable.

 The term "supporting statement" is not defined either in case law or other statutory provisions. We do not think that such supporting material is limited to full and complete tax returns as Eagle Machine suggests. However, we do agree with the appellee, that in a protest to a tax assessment, a taxpayer has an obligation to provide financial statements, records or some other documentation that would allow the Revenue Department some basis for recon-

sideration. In the instant case, despite requests for such information by the appellee, Eagle Machine failed to supply any significant documentation in support of its contention that the assessments were in error.

The protest was contained in a letter from Eagle Machine to the appellee dated November 9, 1979. The letter stated that because of the disarray of its records, Eagle Machine had not filed federal tax returns for the years in question. However, the company was attempting to prepare these returns and anticipated that filing should occur within two or three months. Presumably Eagle Machine would prepare state returns during that time frame as well. Further, Eagle Machine stated the "technical grounds" for its protest was that the notices sent by appellee were factually incorrect because substantial losses would offset any tax liability by the company.

On November 28, 1979, the appellee granted Eagle Machine an extension for filing the delinquent returns initially requested in May, 1979, to January 2, 1980. The appellee stated however that if these returns were not filed by that date the appellee would pursue collection of the jeopardy assessments.

Eagle Machine then filed corporation income and license tax returns on January 7, 1980. These returns were, as stated previously, quite incomplete. For example, on the 1976 return, the net income (loss) was reported to be "at least" $10,000.00. No computations appeared on the return except those for a minimal license tax. The returns of the other years were similarly incomplete. Further, Eagle Machine did not supply any records or other information showing the company's financial condition for the years in question.

 Eagle Machine stated in the February 14, 1980, letter that it was not possible to fully complete the returns without additional time. We do not dispute the company's contention; however, we cannot understand why the company could not supply

any financial information at all to the appellee to support its challenge of the jeopardy assessment despite ample time to do so. Essentially, the only information provided was the statement of the company that no tax was due. We believe that something more substantial than mere denials of tax liability is required as a "supporting statement" under KRS 131.110(1).

Eagle Machine also contends that none of the conditions listed in KRS 131.150(1) that trigger jeopardy assessments were satisfied by the actions of the company. KRS 131.150(1) provides:

> When the department of revenue reasonably believes that any taxpayer has withdrawn from the state or concealed his assets or a material part thereof so as to hinder or evade the assessment or collection of taxes, or has desisted from any taxable activity in the state, or has become domiciled elsewhere, or has departed from this state with fraudulent intent to hinder or evade the assessment or collection of taxes, or has done any other act tending to render partly or wholly ineffective proceedings to assess or collect any such taxes, or contemplates doing any of these acts in the immediate future, or that any tax claim for any other reason is being endangered, such tax liability shall become due and payable immediately upon assessment or determination of the amount of taxes due, as authorized in this section.

For example, the company states that it has not withdrawn its assets from the state or otherwise concealed its assets so that it might escape tax liability.

█ The appellee did not initiate legal proceedings to collect the tax assessments for over a year from the date of its first notice to Eagle Machine. The company failed to provide to the appellee during this period any substantial information challenging these assessments. Thus, when a taxpayer has been apprised of a tax liability, disputes that liability, but never offers any material to support that denial, we believe the Department of Revenue is reasonable in believing that the taxpayer is attempting to "evade the assessment or collection of taxes."

The trial court did not err in ruling that because the protest failed, the assessments were final, due and owing, pursuant to *Luckett v. Kettenacker*, Ky., 335 S.W.2d 339 (1960).

The judgment is affirmed.

All concur.