SCOTTY'S CONSTRUCTION
COMPANY, INC., Appellant,

v.

COMMONWEALTH of Kentucky
REVENUE CABINET, Appellee.

No. 89–CA–118–S.

Court of Appeals of Kentucky.

Nov. 3, 1989.

John David Cole, Elizabeth Y. Downing, Cole, Broderick, Minton, Moore & Thornton, Bowling Green, for appellant.

Stephen G. Dickerson, James D. Brannen, Revenue Cabinet, Frankfort, for appellee.

Before HAYES, LESTER and McDONALD, JJ.

LESTER, Judge.

This is an appeal from an order, supported by an opinion setting aside the findings of fact, conclusions of law and order of the Board of Tax Appeals and reinstating the assessment of appellee.

The Revenue Cabinet conducted an examination of Scotty's Construction sales and use tax records for the period of April 1, 1980, through January 31, 1984, which resulted in deficiencies amounting to $114,412. By letter of November 9, 1984, Revenue advised the taxpayer of the results of its audit and advised:

> Formal tax statements which are being mechanically prepared and mailed separately will include applicable penalty and interest charges. Should you disagree with the audit results, a written protest, stating reasons, must be filed with the Cabinet within thirty (30) days from the notice date of the formal tax statements. In accordance with KRS 131.110, a protest must be accompanied by a supporting statement identifying the specific adjustments being protested and setting forth the grounds upon which the protest is made. Should you be in agreement with a portion of the assessment, a computation of the noncontested portion of the assessment and payment of this amount should be submitted at the time of the protest.

By letter dated December 12, 1984, Scotty's controller acknowledged receipt of appellee's communication and replied to the effect that "a detailed listing of all items in contention will be forthcoming within 30 days" and requested an extension of time in which to submit the material as is permitted by KRS 131.110(1). The extension was granted until January 14, 1985. However, on January 14, 1985, Scotty's requested an additional extension to January 21st representing that "this last extension request will allow us to complete our review." Revenue did not respond until June 14, 1985, when it issued its final ruling assessing $96,611 as unpaid sales and use taxes. The record indicates that following the final ruling there were one or more telephone conversations between appel-

lant's CPA and the Commissioner of Revenue and a letter or two, but no statements or data were submitted to support any protest.

On July 17, 1985, Scotty's petitioned the Board of Tax Appeals and over a month later the appellant's CPA wrote Revenue to the effect "[w]e protested the assessment" and allegedly furnished the long sought documentation to support its position.

Before the administrative agency the appellee moved to dismiss the case upon the basis of KRS 131.110(1) which encompasses certain mandates to the effect:

> The department of revenue shall mail to the taxpayer a notice of any tax assessed by it. The assessment *shall* be final if not protested in writing to the department within thirty (30) days from the date of notice. Such protest *shall* be accompanied by a supporting statement setting forth the grounds upon which the protest is made. Upon written request, the department may extend the time for filing the supporting statement if it appears the delay is necessary and unavoidable. (emphasis added)

and *Eagle Machine Co., Inc. v. Commonwealth ex rel Gilles*, Ky.App., 698 SW.2d 528 (1985). The Board overruled the motion and on the merits found the assessment to be erroneous and set it aside. Revenue appealed to the circuit court which held that Scotty's failure to submit documentation as required by the statute before the issuance of the final ruling had the effect of failure to preserve appellant's right to review the assessment and on the strength of *Eagle Machine* set aside the Board's order and reinstated the determination of Revenue.

This Court's opinion in *Eagle Machine* stated at various points that:

> We believe that something more substantial than mere denials of tax liability is required as a "supporting statement" under KRS 131.110(1)

and

> ... in a protest to a tax assessment, a taxpayer has an obligation to provide financial statements, records or some other documentation that would allow the Revenue Department some basis for reconsideration. In the instant case, despite requests for such information by the appellee, Eagle Machine failed to supply any significant documentation in support of its contention that the assessments were in error.

Scotty's does not deny that it was aware that supporting data was required nor does it deny that it failed to furnish same. A period of over eight months passed between the letter notifying appellant of the assessment and the final ruling during which time it asked for and received extensions of time in order to comply with the statute.

Appellant seeks to distinguish *Eagle Machine* from the case at bench because in the former situation there was some suggestion that the taxpayer was seeking to evade taxes while in the latter, such is not the case. Regardless of the motive of the entity being assessed, the statute is mandatory in nature.

The judgment is affirmed.

All concur.