**LAUREL RUN RESOURCES, INC., Appellant,**

v.

**COMMONWEALTH of Kentucky By and on Relation of C. Emmett CALVERT, Secretary of Revenue, Appellee.**

**No. 91–CA–2193–MR.**

Court of Appeals of Kentucky.

Oct. 30, 1992.

Rehearing Denied and Case Ordered Published Jan. 8, 1993.

Discretionary Review Denied by Supreme Court June 23, 1993.

Donald Duff, Frankfort, for appellant.

Donald S. Guier, Arnold C. Jones, Kentucky Revenue Cabinet, Frankfort, for appellee.

Before JOHNSON, McDONALD and STUMBO, JJ.

McDONALD, Judge.

At issue in this appeal is the propriety of the granting of summary judgment in favor of the Revenue Cabinet ordering Laurel Run Resources, Inc. ("Resources") to pay $42,130.20 in withholding taxes, corporate income taxes and corporation license taxes, together with penalties and interest for various taxable periods.

Resources is a Kentucky business required to maintain various tax accounts and file periodic tax returns. Because the returns were not filed, the Revenue Cabinet, under the authority of KRS Chapters 131 et seq., made assessments of the taxes owed by Resources. Resources did not protest the assessments, nor did it file any appeal to the Kentucky Board of Tax Appeals regarding the final assessments.

The Revenue Cabinet filed a suit in Franklin Circuit Court in order to obtain a legal judgment for the amount of the final assessment for which Resources was indebted, to obtain a permanent injunction, and to obtain an order to enforce the judgment and injunction. In its answer to the complaint, Resources acknowledged and admitted it was a corporation currently engaged in business within the State of Kentucky, but it made a general denial that it owed any taxes, fees, penalties or interest. Resources did not plead with particularity any other affirmative defense set forth in CR 8.03. Thereafter, the Revenue Cabinet made a motion pursuant to CR 56 et seq., CR 65 et seq., and KRS 141.310(10) for a summary judgment. Resources filed absolutely no response and, although it received notice of the hearing on the motion in excess of 10 days prior to the hearing, it did not appear to oppose the summary judgment or the injunction. The court found there was no genuine issue of material fact and that the Revenue Cabinet was entitled to a judgment as a matter of law.

In completely failing to utilize the required administrative and statutory remedies, Resources has waived all argument and right to protest the merits of the assessments. Because Resources has waived its right to protest the assessments based on the merits, there are no factual issues to address, and summary judgment is appropriate. While it may have been appropriate to refrain from entering the judgment upon a showing that any factual question might exist, there was no such showing and, even if afforded unlimited discovery in this action, the assessment would remain unchanged. Importantly, Resources does not contend that it lacked notice of the assessments, that the taxes had been paid, that they were not the proper party, or any other affirmative defense that would allow it to avoid the judgment. See e.g. Koscot Interplanetary, Inc. v. Commonwealth ex rel. Allphin, Ky., 649 S.W.2d 201 (1983).

Under the authority of Commonwealth ex rel. Luckett v. Kettenacker, Ky., 335 S.W.2d 339 (1960), summary judgment is proper. This conclusion does not in our opinion frustrate the principles espoused in Paintsville Hospital Company v. Rose, Ky., 683 S.W.2d 255 (1985), and Steelvest,

*Inc. v. Scansteel Service Center*, Ky., 807 S.W.2d 476 (1991).

All concur.