# Department of Highways v. Current.
# Current v. Madison County.

### Jan. 12, 1944.

Eldon S. Dummit, Attorney General, and C. F. Kelly, Assistant Attorney General, for Department of Highways.

E. Selby Wiggins for Bessie Current.

H. O. Porter for Madison County.

OPINION OF THE COURT BY JUDGE LATIMER—Dismissing in part, affirming in part.

These appeals arose out of an action over the alteration and relocation of United States Highway No. 25, a main arterial highway running through Madison County.

Mrs. Bessie Current filed this action in the Madison Circuit Court against the Department of Highways and Madison County, alleging in her petition ownership of a tract of land containing about 35 acres, situated on the east side of and abutting United States Highway No. 25 about two miles from Richmond, Kentucky; that the said tract of land, together with the improvements thereon, consisting of a ten-room residence, a garage, smoke house, hen house and cabins, were on the level of said highway. She alleges that Madison County and the State Highway Department desired to widen said road, and to eliminate the curves and hills on same, and that pursuant thereto the defendants constructed a new road

about 25 feet west of the old road and destroyed the old road in front of her property. She alleges that the Highway Department has plans and intends to run an open ditch or ditches across the old United States Highway No. 25, thereby rendering the old road impassable; that she has an easement in the old road and the right to an unobstructed ingress and egress to her property. She alleges that the provisions of KRS 178.050 were violated in the construction of the new road and that sections 178.070 and 178.080 were violated in the alteration of said highway, and that the closing of the said old road is the taking of her property within the meaning of Section 242 of the Constitution of the State of Kentucky. She alleges damages in the sum of $10,000 as a direct and proximate result of the acts of the defendants acting jointly, and prays for judgment in said sum against Madison County alone, alleging it to be the duty of said county to provide the right of way for said highway, and consequently responsible for the damages sustained by the plaintiff under Section 177.060 of KRS. She further alleges that in the construction of the new road, the defendant, State Highway Department, constructed the new highway about 50 feet west of and about 15 or 20 feet below the level of the old road and left plaintiff's property about 15 or 20 feet above the newly constructed highway, and had made no entrance to her property from same. She states further that the plans and specifications of the department are to make a very steep entrance to her property, and that in order to make the entrance to her property reasonably useful it will be necessary to set back plaintiff's fence in front of her property and make a sloping entrance and build a retaining wall for about 100 yards along said entrance; and that if the said Highway Department is permitted to construct the entrance in accordance with its plans and specifications, the same will result in irreparable damage to plaintiff's property, and that she has no adequate remedy at law to compensate her for said damages. She asks for an injunction enjoining the State Highway Department from making an entrance to her property according to its plans and specifications, and asks for a mandatory injunction requiring the said Highway Department to build a useful entrance to her property, requiring it also to move back the fence in front of her property, make a sloping entrance with a retaining wall along the same, and move her garage to a new location.

The defendant, State Highway Department, filed special demurrer, motion to elect, and general demurrer to plaintiff's petition. Motion was filed by the plaintiff for mandatory injunction, at the hearing of which the following judgment and order was entered:

"This cause coming to be heard on the motion of the plaintiff, for mandatory injunction to require the Department of Highways, State of Kentucky, to construct a reasonable approach to her property and the defendant, Department of Highways, by C. F. Kelley, Assist. Attorney General, and Elmer Drake, Assist. Attorney General, having filed a special demurrer of the Department of Highways and a motion to elect and a general demurrer to said motion and to plaintiff's petition, it is ordered and adjudged by the Court that the special demurrer, motion to elect and the general demurrer be and the same are hereby overruled, to which ruling of the Court the Department of Highways objects and excepts and prays an appeal to the Court of Appeals, which is granted, and the motion for a mandatory injunction herein is reserved for further orders of this Court. Order drawn by

"C. F. Kelly

"Attorneys for the Department of Highways

"E. Selby Wiggins

"Attorney for Plaintiff."

Whereupon, the defendant, State Highway Department, appeals. Later the defendant Madison County, filed its general demurrer to the petition of the plaintiff which was sustained by the court, and the plaintiff declining to plead further, it was ordered and adjudged by the court that plaintiff's petition in equity be dismissed as to the defendant, Madison County, from which the plaintiff appeals.

The appellee in the case of Department of Highways v. Mrs. Bessie Current filed a motion to dismiss appeal which was passed to merits, and on motion, the two cases, Department of Highways v. Mrs. Bessie Current, and Mrs. Bessie Current v. Madison County, were consolidated. This opinion will, therefore, dispose of both appeals.

The motion of appellee to dismiss the appeal of Department of Highways v. Mrs. Bessie Current is well

founded. It is clearly obvious that same should be dismissed as there was no final judgment or order of any sort from which an appeal could be taken.

The appellant, Bessie Current, is insistent that the court below erred in sustaining the general demurrer of the defendant, Madison County. In support of her contentions, she claims the provisions of KRS 178.050, 178.070 and 178.080 were violated in the closing of the old road and the construction of the new. These sections have to do only with the establishment and discontinuance of county roads. Attorney for appellant, no doubt, recognized this fact, as he contended in his brief that, even though a road is transferred to the State, said road is still a county road. He evidently misread KRS 178.030, which he cited and quoted in his brief as follows: "Transfer of a road to the State, said road shall still be county road." Whereas, KRS 178.030 reads as follows: "The roads, bridges and landings transferred by the state to the counties in which they are located shall be county roads, bridges and landings." In his reply brief, attorney for appellant states that 178.-030 was quoted in error, and that he should have quoted 178.020. However, this section also deals with county roads.

Appellant contends that this case should be governed by the case of Cranley v. Boyd County, 266 Ky. 569, 99 S. W. 2d 737. With this contention we cannot agree. In the Cranley case above, it was the county alone which closed the road, and the acts complained of were the acts of the county alone. In the instant case, while plaintiff below alleged it was the joint act of the Department of Highways and Madison County, she sought judgment against the county alone, alleging it was the duty of the county to acquire the right of way. There is no claim that said highway is a county road nor that the county was acquiring or had acquired right of way for primary road purposes. On the other hand, she did allege that said highway is a United States highway and had been for many years, and merely alleged she should have judgment against the county because it was the duty of said county under the statutes to acquire said right of way.

In the application of KRS 177.060 it is necessary to observe all the paragraphs thereof. Paragraph (1), which the appellant contends is applicable in this case,

has to do with the procurement of rights of way for primary road purposes. Paragraph (3) has to do with any additional right of way required by the Department after a highway has been located, procured by the county and accepted by the Department, in which case said additional right of way may be acquired by the department and shall be paid for by the State unless it is a road owned by the county. A very similar question arose in the case of Commonwealth et al. v. Tate et al., 297 Ky. 826, 181 S. W. 2d 418, 420, in which case the Department of Highways, in order to eliminate a curve in United States Highway No. 60, acquired a strip of land adjoining its right of way. In the case above, as in this case, the Department of Highways owned a right of way on which it had maintained a highway for many years. In the case quoted above, the court stated as follows: "Under the circumstances, the county was not liable for the cost of the additional right of way nor for consequential damages resulting from the reconstruction of the road." In support thereof, the case of Bader v. Jefferson County, 274 Ky. 486, 119 S. W. 2d 870, was cited.

The appellant claims that there was a taking of her property within the meaning of Section 242 of the Constitution of the State of Kentucky. With this position, we are not disagreeing, but as far as the petition discloses, the county neither acquired the right of way nor did anything whatsoever in the relocation and reconstruction of the newly located highway. Section 177.060, paragraph (3), reads as follows: "When a highway has been located by the department and a right of way procured by the county and accepted by the department, any additional right of way required by the department as a result of a change in the highway may be acquired by the department and shall be paid for by the state unless it is a road owned by the county." This section contemplated situations such as this, and we believe same to be applicable herein.

We are, therefore, of the opinion that the court below correctly sustained the demurrer of the defendant, Madison County. The appeal in the case of Department of Highways v. Mrs. Bessie Current is dismissed and the judgment in the case of Mrs. Bessie Current v. Madison County is affirmed.