**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, Appellant,**

v.

**TONY BREWER TRUCKING, INC., Appellee.**

Court of Appeals of Kentucky.

June 19, 1987.

Discretionary Review Denied by Supreme Court Aug. 26, 1987.

David W. McLellan, Jr., Transp. Cabinet, Frankfort, for appellant.

Christopher M. Hill, Frankfort, for appellee.

Before COOPER, HOWARD and MILLER, JJ.

HOWARD, Judge.

This is an appeal from an order of Wolfe Circuit Court reversing an order of the Board of Tax Appeals which affirmed a final ruling of appellant, Transportation Cabinet . [Cabinet], that appellee, Tony Brewer Trucking, Inc., was not entitled, as a matter of law, to a credit for tax paid at the pump on fuels consumed in its off-highway operations.

Tony Brewer Trucking, Inc. is engaged in the business of hauling coal. Appellee contends that a substantial mileage driven by its trucks occurs on private roads between the coal mine and the public highways.

The Cabinet, Division of Audit Review, conducted a Kentucky Highway Use Tax audit of appellee's books and records resulting in a $30,619.63 assessment against appellee for unpaid highway use taxes. Appellee filed a protest with the Cabinet's Department of Vehicle Regulation based in part upon the Division of Audit Review's refusal to allow appellee a $7,131.50 credit for tax already paid on fuel consumed off-highway toward its assessed highway use tax liability. The Cabinet upheld the denial of the credit. On November 13, 1985, appellee lost his appeal to the Board of Tax Appeals. He then filed an appeal with Wolfe Circuit Court pursuant to KRS 131.-370(2) and (3), and obtained a favorable ruling. This appeal followed.

The record indicates that appellant agrees that the tax liability of motor carriers occurs simultaneously with their use of the public highways, pursuant to KRS 138.-660, and not at the time they purchase fuel. Appellant also agrees that KRS 138.695 (1)

allows a credit for tax paid at the time of purchase by motor carriers on fuel which propelled the motor vehicles on public highways, in order to prevent double taxation of motor carriers.

The sole question raised in this appeal, and one of first impression, is whether the circuit court erred when it held that the Board of Tax Appeals' conclusion that KRS 138.695(1) does not permit a credit for fuel consumed in off-highway operations was clearly erroneous.

KRS 138.660(1) provides that a motor carrier must pay a tax computed on the amount of gasoline and special fuels used in its operations on the public highways of Kentucky. KRS 138.695(1) authorizes every licensed motor carrier subject to highway use taxes pursuant to KRS 138.660 to credit against such liability taxes duly paid, pursuant to KRS 138.220 and .565 *inter alia*, on gasoline and special fuels purchased in Kentucky by the licensee during the same time period "for use in its operations." This appeal centers around whether "use in its operations" includes off-highway operations. Appellant contends that a reading of KRS 138.695(1) in conjunction with the definition of "use" contained in KRS 138.655(10)—i.e., "the consumption of gasoline and special fuels in propelling motor vehicles on the public highways"—disallows a credit for taxes paid on fuel consumed in off-highway operations.

Appellee rejects this restrictive interpretation of KRS 138.695(1). He points to the introductory language to KRS 138.655 which indicates that the definitions contained therein apply "unless the context requires otherwise." He then goes on to show that, while the word "use" is modified by the words "on the public highways" in all the other related statutes, i.e., KRS 138.660(1) and (2), .665(1) and .690, KRS 138.695(1) stands alone for the absence of these words after the word "use." He contends that the omission of these words raises a presumption of the legislature's intent to extend the credit to both on and off highway uses because Kentucky courts subscribe to the well-established rule of construction that a failure by the legislature to include explicit and compelling language in a statute cannot be deemed to have been inadvertent. *See City of Henderson Police & Fireman Pension Board v. Riley*, Ky.App., 674 S.W.2d 27, 32 (1984).

The Circuit Court concurred with appellee, and also pointed out that the Board of Tax Appeals' ruling was tantamount to ignoring the existence of another statute, KRS 138.565. The court did not elaborate on the statement.

KRS 138.565(1) deals with an excise tax to be paid by special fuels dealers, and (1)(a) exempts from such tax special fuels delivered into specific storage facilities, approved and identified as nontaxable storage, and sold or used for nonhighway purposes. Appellee's position on appeal is that KRS 138.565 exempts from taxation fuel used for off-highway purposes. In our opinion, it exempts special fuels in the circumstances described hereinbefore. However, we do realize that, from a practical standpoint, a motor carrier cannot separate in advance the fuel that will be consumed on private roads from the fuel that will be consumed on public highways. As a result, the exemption cannot be activated at the pump and the carrier is forced to pay a tax across the board with each fuel purchase. The only logical way to recoup taxes that were paid but not due, short of an outward refund, is through a credit against taxes that are due.

Because we must ascertain legislative intent from the words used in a statute, rather than indulge in a guessing game as to what might have been intended but was not expressed, we hold that the phrase "for use in its operations" contained in KRS 138.695(1) is intended to cover the whole range of operations conducted by a motor carrier regardless of the type of road on which they take place. Appellee is entitled to a credit for all fuel tax which he actually paid on fuel purchased in Kentucky towards his Kentucky highway use tax liability.

We do not understand appellant's problem with such credit conferring a special tax status. We reject the argument

that since an ordinary taxpayer does not get a refund for tax paid on fuel used off-highway, appellee enjoys no special status as a taxpayer simply because he is a motor carrier. While the law generally favors equality and uniformity in taxation, the legislature has the broad discretion to classify various taxpayers based upon economic factors such as the importance of a particular industry to the state's economy or the competitive environment in which it operates. *See Delta Air Lines, Inc. v. Com., Revenue Cabinet,* Ky., 689 S.W.2d 14 (1985), a case cited by appellant itself. Our General Assembly did just that with KRS 138.695(1).

Furthermore, we agree with appellee that appellant's position in this action conflicts with its own regulation at 601 KAR 9:074E(7) (Authorized Deductions on Quarterly Returns) which reads:

> Every person licensed as a *motor carrier* may deduct on his quarterly tax return the amount of tax paid on fuel at the time of purchase, provided the purchase is made in Kentucky and the Kentucky motor fuel tax has been paid....

We hold that the circuit court correctly interpreted the law applicable to this action, within the scope of judicial review provided by KRS 131.370(3)(c), and we affirm its order reversing the Board of Tax Appeals.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.