ASTRAL ELECTRIC CO., INC., Appellant (Defendant Below),

v.

BOB WELLS CONSTRUCTION COMPANY, INC., Appellee (Plaintiff Below).

No. 10A04–8811–CV–386.

Court of Appeals of Indiana, Fourth District.

May 31, 1989.

---

Gary K. Kemper, Jenner, Kemper & Auxier, Madison, for appellant.

Mary Ann Guenther, Brown, Todd & Heyburn, New Albany, Donald L. Miller, II, Brown, Todd & Heyburn, Louisville, Ky., for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Astral Electric Company (Astral) appeals an order granting Plaintiff–Appellee Bob Wells Construction Company, Inc.'s (Wells') motion to correct error. Ind.Rules of Procedure, Trial Rule 59(F).

We affirm.

Astral presents two issues, which we reorder and rephrase as three:

1. whether the trial court abused its discretion when it considered, on Appellee's motion to correct error, an issue of law not argued and, in fact, conceded by the Appellee at the hearing on Appellant's motion for summary judgment;

2. whether Astral was dissolved by the administrative revocation of its certificate of incorporation and, if so, whether Astral can be sued; and

3. if Astral was dissolved, whether Wells's claim of indemnity accrued before Astral's dissolution.

The parties agree about the relevant facts. On February 20, 1987, Wells sued Astral, a Kentucky Corporation. Wells claimed Astral was obliged to indemnify Wells for an April 28, 1986, judgment. This judgment, in the amount of $1,005,713.00, was taken against Wells by Isaiah and Evelyn Thornton in a case in which Astral was not a party. The Thornton case against Wells was filed in 1980.

In the case now before us Astral moved for summary judgment against Wells. In support of its motion Astral submitted, *inter alia,* a "Certificate of Revocation of Certificate of Incorporation" issued by the Secretary of State of the Commonwealth of Kentucky. The certificate of revocation was dated May 6, 1985, and revoked Astral's certificate of incorporation "in accordance with the provisions of Kentucky Revised Statutes Chapter 271A." In sum, Astral argued (1) Astral's amenability to suit must be determined by Kentucky law; (2) Astral was a dissolved corporation, no longer amenable to suit under Kentucky law unless the cause accrued before dissolution; and (3) Wells's cause accrued after dissolution.

Wells responded with a memorandum, but without affidavits or other evidence. Wells's memorandum (1) assumed Astral was a dissolved corporation; (2) agreed the effect of dissolution must be determined by Kentucky law; and (3) argued Wells's indemnity claim accrued before Astral was dissolved because the claim could have been asserted in the Thornton case under our Trial Rule 14.

Astral replied with a memorandum. It argued, in the main, T.R. 14 does not alter the time at which a cause of action accrues, but merely allows contemporaneous adjudication of common questions of fact.

The trial court found no genuine issues of material fact and decided Astral was entitled to judgment as a matter of law. It granted Astral's motion for summary judgment. Ind.Rules of Procedure, Trial Rule 56. It dismissed Wells's claims with prejudice.

Wells moved to correct error, claiming the judgment was contrary to law. Wells argued the court erred by finding and holding (1) Astral was a dissolved corporation; (2) Wells's purported indemnity claim did not accrue before revocation of Astral's certificate of incorporation; and (3) Wells's claim was preserved by Kentucky Revised Statutes 271A.515. Wells also asserted there was a genuine issue of material fact as to whether Astral was a dissolved corporation. However, at the hearing below and in this appeal Wells concedes Astral's corporate status is an issue of law, not fact.

Astral filed a statement in opposition to Wells's motion to correct error. In sum, Astral argued Wells's arguments to correct error were both wrong and untimely. In particular, Astral noted Wells had not until then contested Astral's status as a dissolved corporation. Astral opined Wells could not raise any issue about Astral's status for the first time in a motion to correct error.

After hearing, the trial court granted Wells's motion to correct error. The trial court found, *inter alia,* (1) revocation of Astral's certificate of incorporation was not a dissolution of Astral, and (2) the trial court had committed an error of law by holding Astral was a dissolved corporation, not subject to suit.

Astral appeals. Additional facts as necessary are included below.

## I. Waiver

■ Wells's motion to correct error did not specify the subpart of T.R. 59(A) on which it was based. However, the language of the motion is the language of T.R. 59(A)(8).[1] As noted, Wells's response to Astral's motion for summary judgment conceded Astral was a dissolved corporation.

Astral, noting current versions of T.R. 59 were not in effect[2] when Wells filed its motion to correct error, argues Wells could not first assert issues about Astral's status in its motion to correct error. Astral cites *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332; *Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221; *Van Bibber v. Norris* (1981), Ind., 419 N.E.2d 115; and *State Farm v. Flynn* (1988), Ind.App., 531 N.E.2d 527.

Wells argues summary judgment is proper only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Wells argues T.R. 56 did not require it to respond to all issues and potential issues, whether based in law or fact, citing *State, Department of Mental Health v. Allen* (1982), Ind.App., 432 N.E.2d 435. Without citation to authority, Wells asserts, "[i]f the trial court improperly applies the law to the undisputed facts, the nonmoving party may certainly address the Court's error for the first time in its motion to correct error." Wells asserts "... the issue of Astral's dissolution was squarely before the Court [on summary judgment] and was necessarily decided by [it]." Wells concludes, again without citation to authority, it could "raise this error of law for the first time in its Motion to Correct Errors."

We think the trial court did not abuse its discretion when it considered, on Wells's motion to correct error, an issue of law not raised by Wells in its response to Astral's motion for summary judgment. Each of the cases cited by Astral may be distinguished. In *Siebert Oxidermo, supra,* the trial court denied Defendant–Appellant's motions to set aside default judgment and denied its motions to correct error. Our Supreme Court said the movant could have asserted an issue in its motion to set aside the default judgment and therefore could not first assert the issue in its motion to correct error. Here, however, it is the Movant–Appellant, Astral, who claims the Nonmovant–Appellee, Wells, waived an issue of law by failing to assert it in response to Astral's motion for summary judgment. At first glance, *Criss, supra,* lends some weight to Astral's argument. However, upon further analysis, *Criss* provides little support for Astral's position because in *Criss* the Nonmovant–Appellant failed to raise an issue of fact, not an issue of law, in response to a motion for summary judgment. See also, *Collins v. Dunifon* (1975), 163 Ind.App. 201, 206, 323 N.E.2d 264, 268 (nonmovant in summary judgment failed to offer factual evidence until motion to correct error) and *Mid–States Aircraft*

---

**1.** (A) Motion to Correct Error—Bases for. The bases for a motion to correct error are established, without limitation, as follows:

    \*    \*    \*    \*    \*    \*

    (8) The verdict or decision being contrary to law specifically pointing out the insufficiency or defect; . . . .

**2.** See, Mulvaney, *What Happened to [the] Motion to Correct Error,* 32 Res Gestae 472 (1989).

*Engine, Inc. v. Mize Co.* (1984), Ind.App., 467 N.E.2d 1242 (nonmovant in summary judgment failed to offer factual evidence until motion to correct error). Likewise, both *Van Bibber, supra,* and *State Farm, supra,* appear at first to provide some support for Astral, but do not upon further examination. In each of those cases parties tried to raise issues by a motion to correct error which were not raised *at trial.* Here, trial has not yet been had, only a hearing upon Astral's summary judgment motion.

A trial court retains jurisdiction over its judgment for 90 days from the time it is rendered. IND.CODE 33–1–6–3. During that time it retains broad powers to correct, modify, or vacate its judgment, upon a showing of good cause. *Wadkins v. Thornton* (1972), 151 Ind.App. 380, 384–387, 279 N.E.2d 849, 851–853. An uncorrected error of law is such cause.

Because summary judgment is proper only if the movant is entitled to it as a matter of law and because the trial court has broad power to correct its judgment upon a showing of good cause, the trial court did not abuse its discretion here when it considered and applied the correct law upon Wells's motion to correct error.

## II. Astral's Status

■ Astral contends the trial court erred by vacating its order of summary judgment. Astral argues, as a matter of Kentucky law [3] it ceased to exist when its certificate of incorporation was revoked. As a corporate entity, Astral argues, it is wholly a creature of statute and, because no Kentucky statute extended its existence in the circumstances, it suffered corporate death [4] upon revocation of its certificate. This nonexistence, Astral argues, makes it no longer subject to suit.

In sum, Wells argues revocation under K.R.S. 271A is simply an administrative punishment. Wells notes the statute provides for reinstatement of the corporate certificate upon payment of a $100 penalty. Wells argues revocation is merely a suspension of Astral's right to do business, not a dissolution. Wells notes the dissolution provisions of Kentucky Revised Statutes provide for protection of creditors and argues the Kentucky legislature cannot have intended to work a dissolution without protection of creditors. Wells notes the Kentucky legislature recently enacted legislation specifically providing, upon revocation of a corporate certificate, continued corporate existence for the purpose of winding up and liquidating the business.

Astral's contention it has ceased to exist is wholly without merit. Assuming, but not deciding, Kentucky law governs this case we are concerned with whether Astral was a dissolved corporation under Kentucky law. When we read as a whole the Kentucky statutes regarding corporations and look for legislative intent from the words used in those statutes, as we must, see e.g. *Commonwealth v. Tony Brewer Trucking, Inc.* (1987), Ky., 734 S.W.2d 486; *Hallahan v. Cranfill* (1964), Ky., 383 S.W. 2d 374; *Graves County, et al. v. Graves Fiscal Court, et al.* (1947), 303 Ky. 707, 199 S.W.2d 137; *Kentucky Tax Commission v. Sandman* (1945), 300 Ky. 423, 189 S.W.2d 407, 166 A.L.R. 512; *Department of Highways v. Current* (1944), 299 Ky. 127, 184 S.W.2d 879, it is apparent Astral was not and is not a dissolved corporation. Under the Kentucky statutory scheme [5] dissolution could not be accomplished merely by revocation of a certificate of incorporation. The issuance of a certificate of incorporation was conclusive evidence a business had been properly incorporated. K.R.S. 271A.280 (Bobbs–Merrill 1981 Replace-

---

**3.** Neither party notes whether Astral was authorized to do business in Indiana. They do not argue and we do not decide anything about the applicability of Indiana statutes authorizing foreign corporations to do business in Indiana. See I.C. 23–1–11–1 through I.C. 23–1–11–16 before repeal by P.L. 149–1986, effective August, 1987.

**4.** Astral's attorneys do not explain, and Wells's attorney does not question, how a dead corporation can hire an attorney to respond to the allegations against it. If Astral is dead by whose authority do Ms. Guenther and Mr. Miller appear?

**5.** Before repeal effective January 1, 1989.

ment) [6]. *White v. Winchester Land Development Corp.* (1979), Ky.App., 584 S.W.2d 56, n. 7. Revocation of the certificate of incorporation simply subjected the corporation and its officers to civil penalties if the corporation continued to transact business. K.R.S. 271.640(2) (Bobbs–Merrill 1981 Replacement) [7]; cf. *Kentucky Straight Creek Coal Co. v. Commonwealth* (1947), 304 Ky. 247, 200 S.W.2d 470, 472 (under statutes requiring a foreign corporation to file certain papers with the Secretary of State before carrying on business in Kentucky and providing a penalty for doing business without having complied with the prerequisites, the offense consists not in failure to file the papers ... but in doing business without having first done so). Involuntary dissolution, on the other hand, could be accomplished only by compliance with statutory procedures. See, K.R.S. 271A.470, 271A.500, 271A.505, 271A.515 (Bobbs–Merrill 1981 Replacement); cf. *Surrogate Parenting Associates, Inc. v. Commonwealth* (1986), Ky., 704 S.W.2d 209 (involuntary dissolution) and *Morgan v. O'Neil* (1983), Ky., 652 S.W.2d 83 (voluntary dissolution). Likewise, the Kentucky statutes provided for voluntary dissolution by incorporators, by consent of shareholders, or by act of the corporation. See K.R.S. 271A.410 (Bobbs–Merrill 1981 Replacement), 271A.415 (Bobbs–Merrill 1981 Replacement), and 271A.420 (Bobbs–Merrill 1981 Replacement). There was no evidence before the trial court to show Astral was dissolved under any statutory procedure for doing so and there was no provision in the Kentucky statute providing for involuntary dissolution by administrative act. [8] The trial court did not err when it found Astral was not a dissolved corporation.

Because we have concluded Astral is not a dissolved corporation we need not determine whether Wells's claim accrued before Astral's dissolution. Further, it is clear from the trial court's order granting Wells's motion to correct error, the trial court did not base its decision upon Wells's T.R. 14 argument.

Affirmed.

MILLER and STATON, JJ., concur.

---

**6.** 271A.280. Effect of issuance of certificate of incorporation.—Upon the issuance of the certificate of incorporation, the corporate existence shall begin, and such certificate of incorporation shall be conclusive evidence that all conditions precedent required to be performed by the incorporators have been complied with, and that the corporation has been incorporated under this chapter, except as against this state in a proceeding to cancel or revoke the certificate of incorporation or for involuntary dissolution of the corporation.

**7.** 271A.640. Penalties imposed upon corporations.— ...

(2) Any corporation that violates any provision of this chapter, and any officer, director or agent of the corporation who is responsible for such violation or who knowingly participates therein, shall, for each offense, be fined not less than $100 nor more than $1,000.

**8.** There is now. See K.R.S. 271B.14–200, 271B.14–210 (Bobbs–Merrill 1988 Supp.) effective January 1, 1989.