Opinion of the Court by
Justice SCHRODER.
This Court accepted discretionary review of the Court of Appeals’ consolidated decision in the appeal and cross-appeal of a trial court’s interpretation of two Lexington-Fayette Urban County Government ordinances dealing with retired employees’ eligibility for health insurance coverage. Because some retirees have irrevocably opted out of future health insurance coverage, the 1999 ordinance contains a latent ambiguity as to those retirees eligible for coverage. We resolve the latent ambiguity in favor of coverage to those retirees who *32 had not opted out of the plan prior to July 1, 1999, and not to retirees who had participated in the plan any date prior to July 1, 1999. Hence, we reverse the Court of Appeals on that issue. The issue of the constitutionality of amending the ordinance becomes moot, which requires us to vacate the decision on the constitutionality of the 2000 ordinance, and dismiss this issue.
Norman W. Johnson, Charles V. Robinson, and John L. Gumm, the Appellees, were all retired firefighters for the Appellant, Lexington-Fayette Urban County Government (LFUCG). The LFUCG provided health insurance to its employees through a group plan. Upon retirement, the retiree was given the option of continuing to participate in the plan, but at a cost of paying 100% of the premium. If the retiree opted out of the plan at any time, the opt-out was irrevocable and the retired employee could not rejoin the plan. All three retirees in this case had at some time opted out.
The controversy arose in 1999, when the LFUCG passed an ordinance[1] making certain retired employees eligible for health-insurance coverage at a shared cost with the LFUCG. The ordinance provided in pertinent part:[2]
Section 2 — That Section 23-36.5 of the Code of Ordinances be and hereby is created to read as follows:
(a)All members of the Policemen’s and Firefighters’ Retirement Fund of the Lexington-Fayette Urban County Government, operated pursuant to KRS 67A.360, et seq., who retired prior to July 1, 1999, shall he eligible to participate in a group health insurance plan (providing hospital and medical or health maintenance organization health care coverage) approved by the urban county council for such retirees (the “plan”). (b) The urban county government shall provide, on behalf of all members of the Policemen’s and Firefighters’ Retirement Fund who retired prior to July 1, 1999 and who were participants in the group health insurance plan coverage provided to urban county government employees and retirees prior to July 1, 1999, the following benefits: (1) for the period from July 1, 1999 through June 30, 2000, a sum equal to fifty percent (50%) of the urban county government’s contribution to the health insurance component of the benefit pool for current urban county government employees (the “contribution”); and (2) for the period from July 1, 2000 through June 30, 2001 and thereafter, a sum equal to the single premium for the plan coverage selected by the retiree, but not more than one hundred (100%) of the contribution.
(c) No benefits shall be available under this section to retired members of the Policemen’s and Firefighters’ Retirement Fund who were not, prior to July 1, 1999, participants in the group health insurance plan coverage provided to urban county government employees and retirees.
(d) All payments shall be made to the approved provider of the group health insurance plan, not to the retiree, and the retiree shall not be entitled to receive any portion of the government contribution remaining after payment is made to the approved provider.
Our three retirees saw nothing in the language of the ordinance that would preclude them from re-enrolling and benefiting from the LFUCG’s contributions. The LFUCG refused to enroll them, insisting *33 that the ordinance was addressing only those who had not previously opted out, those that were still covered prior to July 1, 1999. After the retirees brought this action, LFUCG adopted Ordinance 366-2000, making its intention clear and amending Ordinance No. 217-99 to provide that members “who retired prior to July 1, 1999, and who did not terminate their participation in the group health insurance plan provided by the urban county government before that date, shall continue to be eligible to participate-” Contributions would be made for members “who retired prior to July 1, 1999 and who were participants in the group health insurance plan coverage provided to urban county government employees and retirees immediately prior to July 1, 1999.... ” The retirees amended their complaint to challenge the 2000 ordinance as violating state and federal constitutional guarantees of equal protection. The trial court saw no patent ambiguity in the 1999 ordinance and held the retirees were eligible from the time of passage of the 1999 ordinance until the adoption of the countervailing ordinance in 2000.
The trial court rejected the retirees’ argument that the 2000 ordinance vested contractual rights. The court ruled that the 1999 ordinance offered coverage as a gratuity, for which benefit the retirees provided no consideration, and there was “no right (contractual, ‘vested,’ or otherwise) to future benefits.” Therefore, the court ruled the LFUCG was free to modify or terminate the scheme at any time.
As to the retirees’ argument that the 2000 ordinance was arbitrary, in violation of the equal protection guarantees of the Kentucky Constitution,[3] the trial court took evidence to determine whether the LFUCG had a rational basis for excluding the retirees in the 2000 ordinance. The court concluded that the ordinance was constitutional. The court cited LFUCG’s rationale that health costs for retirees (generally older than the average member) are higher; that costs are driven up by “adverse selection” (where a person obtains coverage when in poor health, and suspends coverage when in good health); and that the opt-out provision was a common practice among employers and employees. It further remarked that participation in a group-insurance plan is not a fundamental right, and that these retirees were fully aware when they originally withdrew from the plan that they could not re-enroll. “It is rational for the government to rely on choices made, in some cases years before, in future planning.”
The Court of Appeals affirmed the trial court’s holding that the 1999 ordinance covered the retirees, and reversed in part, concluding the 2000 ordinance was unconstitutional because there was no rational basis for excluding the retirees after having admitted them in 1999. We granted discretionary review to determine whether there was any patent or latent ambiguity in the 1999 ordinance and, if not, whether the 2000 ordinance was unconstitutional.
Section 2 of the 1999 ordinance[4] has three subsections. The pertinent parts are:
(a) All ... who retired prior to July 1, 1999, shall be eligible to participate in a group health insurance plan
[[Image here]]
(b) The urban county government shall provide ... all members of the ... Retirement Fund who retired prior to July 1, 1999 and who were participants in the *34 group health insurance plan provided to ... retirees prior to July 1, 1999,.... (c) No benefits shall be available ... to retired members ... who were not, pri- or to July 1, 1999, participants in the group health insurance plan....
A plain literal reading of the statute reveals: all Firemen retirees who retire pri- or to July 1, 1999, are eligible to receive group health insurance; the LFUCG shall pay for benefits for Firemen who retired before July 1, 1999; and benefits are payable to only these retirees who retired prior to July 1,1999, and were participants in the group health plan. No patent ambiguity appears and in the absence of ambiguity, the statutes (ordinances) speak for themselves. KRS 446.130; Heringer v. Rolf, 287 S.W.2d 149, 150 (Ky.1956).
The latent ambiguity arises when we try to grant benefits to retirees who were participants in the group health plan. Does it mean retirees who were participants at the time the ordinance took effect (realizing those who opted-out were no longer participants) or retirees who were participants at any time? Subsection (a) gives retirees a benefit. Subsection (b) requires the LFUCG pay for benefits. Subsection (c) attempts to limit or exclude participants. Under our retirees’ interpretation, none of those granted benefits under subsection (a) could be excluded under subsection (c). Such an interpretation would obviate the exclusion of subsection (c). We have to assume that an exclusion was meant to exclude someone, otherwise subsection (c) would be meaningless. Under the rules of statutory construction, no part should be construed as “meaningless or ineffectual.” Brooks v. Meyers, 279 S.W.2d 764, 766 (Ky.1955). Each statute (ordinance) should be construed as a whole, and not by a single sentence. Democratic Party of Kentucky v. Graham, 976 S.W.2d 423, 429 (Ky.1998); see also Cosby v. Commonwealth, 147 S.W.3d 56, 58-59 (Ky.2004).
Once the court determines there is an ambiguity, the court can look to the legislative intent. ‘Where an ambiguous statutory meaning is clarified by subsequent legislation, that subsequent legislation is strong evidence of the legislative intent of the first statute.” Parks v. Commonwealth, 192 S.W.3d 318, 325 (Ky.2006) (citations omitted). The LFUCG subsequently passed the 2000 ordinance[5] to clearly state its intention in adopting the 1999 ordinance.[6] The 2000 ordinance clearly amends the 1999 ordinance to provide that retirees “who retired prior to July 1, 1999, and who did not terminate their participation in the group health insurance plan provided by the urban county government before that date, shall continue to be eligible to participate....”[7] Subsection (c) was amended to exclude retirees “who were not, immediately prior to July 1, 1999, participants in the group health insurance plan....”[8]
The amendments show clearly which past participants were to be covered, only those who had not opted out of the plan prior to the time the 1999 ordinance became effective, July 1, 1999. This interpretation explains why subsection (c) was originally included in the original 1999 ordinance. The exclusions in subsection (c) are real under this interpretation, and include our retirees herein.
Our resolution of the latent ambiguity requires us to reverse the Court of Ap *35 peals on that issue, which was the substance of the direct appeal to that court. The protective cross-appeal in the Court of Appeals concerned the constitutionality of the 2000 ordinance, which becomes moot with our interpretation of the latent ambiguity in the 1999 ordinance. Therefore, the Court of Appeals’ decision on the cross-appeal is vacated, and the cross-appeal is dismissed.
MINTON, C.J.; SCOTT, and VENTERS, JJ., concur. ABRAMSON, J., dissents by separate opinion in which CUNNINGHAM, J., joins. NOBLE, J., not sitting.

. Ordinance No. 217-99.

. Id. (emphasis added).

. Sections two and three of the current Kentucky Constitution.

. No. 217-99 (emphasis added).

. No. 366-2000.

. No. 217-99.

. No. 366-2000, Section 2(a) (emphasis added).

. Id. at Section 2(c) (emphasis added).