**Taffy L. DOWNEY, Appellant**

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION; and Kindred Nursing Center, Appellees**

**NO. 2013-CA-002110-MR**

Court of Appeals of Kentucky.

RENDERED: MARCH 27, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court February 10, 2016

BRIEFS FOR APPELLANT: Matthew J. Baker, Bowling Green, Kentucky

BRIEF FOR APPELLEE: Amy F. Howard, Frankfort, Kentucky

BEFORE: JONES, MAZE, AND VANMETER, JUDGES.

## OPINION

VANMETER, JUDGE:

By statute, an employee who makes false statements in an application for unemployment benefits is disqualified from eligibility to receive those benefits. The issue presented in this case is whether an employee who made false statements to establish her right to benefits is disqualified even if the false statements were ultimately immaterial to the determination of entitlement to benefits. We hold that because the statute is clear and unambiguous and the decision of the Kentucky Unemployment Insurance Commission is sup-

ported by substantial evidence, the Warren Circuit Court did not err in affirming the employee's benefit denial.

### I. Facts and Procedure

Taffy Downey is a registered nurse who worked full-time at Kindred Nursing Center ("Kindred"). Kindred terminated Downey when she refused a work assignment to cover two halls instead of her usual one hall. A nurse had quit without providing notice leaving Kindred understaffed. This circumstance created a need for the available nurses to cover more patients than usual. Because she did not believe she could safely provide care to all the patients, Downey refused the work assignment. Downey's reasoning for her refusal was that if she covered the extra hallway and provided less than adequate care for the patients, her .nursing license could have been put in jeopardy. KRS [1] 314.021(2) states, "[a]ll individuals licensed or privileged under provisions of this chapter shall be responsible and accountable for making decisions that are based upon the individuals' educational preparation and experience in nursing and shall practice nursing with reasonable skill and safety." Thus, Downey's decision was based on her determination of whether she was capable of covering all the patients sufficiently. However, because other nurses covered multiple hallways as Downey had on previous occasions, Kindred saw her refusal as abandonment of the job. As a result, Kindred terminated her employment.

Upon termination, Downey immediately applied for unemployment benefits from the Kentucky Unemployment Insurance Commission. Downey stated her reason for separation as being "laid off" due to "lack of work." These statements provided Downey with benefits immediately. Kindred subsequently refuted Downey's statement in its explanation of separation and upon receiving Kindred's statements, the Commission disqualified Downey from receiving benefits. Downey's appeal resulted in a Referee decision holding she was not entitled to benefits for two separate reasons.

First, the Referee found Downey had been terminated for misconduct because Kindred's request to work multiple halls, which Downey refused, was a reasonable instruction. Downey's refusal was in direct violation of KRS 341.370(6).[2] Second, the Referee decided Downey knowingly provided false information in order to obtain benefits by stating that she was "laid off due to lack of work." These statements, made knowingly by Downey, directly violated KRS 341.370(2).[3] After receiving the Referee's decision, Downey appealed to the Commission.

The Commission affirmed the Referee's decision in part and reversed in .part. First, the Commission found Kindred's instruction to cover two hallways to be unreasonable in light of the undue hardship it would cause Downey. If Downey had accepted the assignment of covering both hallways and failed to provide all of the patients with adequate care, she ran the

---

1. Kentucky Revised Statutes.

2. KRS 341.370(6) states, " 'Discharge for misconduct' as used in this section shall include but not be limited to ... refusing to obey reasonable instructions[.]"

3. Downey says that she was advised by an employee of the unemployment office to put these reasons down for her termination as none of the other options specifically "fit" her situation. However, this does not seem to be addressed in the Referee decision, the. Commission's finding, or the Warren Circuit Court's opinion. As this issue is not raised in Downey's brief, this Court will not consider it.

risk of losing her nursing license. Furthermore, Kindred's responsibility was to ensure enough nurses staffed its facility. By placing the burden on Downey to cover extra patients when Kindred failed to have enough nurses for its patients, the instruction became unreasonable. In other words, Downey was improperly discharged for failure to obey instruction since the instruction was unreasonable.

Second, the Commission affirmed the Referee with respect to Downey's false statement and the resulting disqualification to receive benefits. The Commission held that providing a knowingly false statement disqualifies Downey from receiving benefits. KRS 341.370(2). The Commission pointed out that the statute uses mandatory language: "[a] worker **shall** be disqualified from receiving benefits for any week with respect to which he knowingly made a false statement to establish his right to or the amount of his benefits[.]" *Id.* (emphasis added). Thus, once Downey violated the statute, she must be disqualified. In addition, the Commission held, pursuant to regulation, that because of her fraudulent misrepresentation, Downey was further disqualified from receiving benefits for an additional twenty-six week period.[4] 787 KAR[5] 1:240 § 2. Downey appealed the Commission's decision to the Warren Circuit Court,

which affirmed the Commission's decision. This appeal follows.[6]

## II. Standard of Review

The standard of review of an unemployment benefit decision is whether the Commission's findings of fact were supported by substantial evidence and whether the agency correctly applied the law to the facts. *Thompson v. Kentucky Unemployment Ins. Comm'n*, 85 S.W.3d 621, 624 (Ky.App.2002). Substantial evidence is evidence that has enough probative value to make reasonable people agree as to a conclusion. *Id.* When substantial evidence supports the Commission's decision, a reviewing court must defer to the finding even when the record contains evidence to the contrary. *Urella v. Kentucky Bd. of Med. Licensure*, 939 S.W.2d 869, 873 (Ky.1997); *Kentucky Comm'n on Human Rights v. Fraser*, 625 S.W.2d 852, 856 (Ky.1981). While the court must defer to findings of fact, it reviews issues of law *de novo*. *Wilson v. Kentucky Unemployment Ins. Comm'n*, 270 S.W.3d 915, 917 (Ky. App.2008).

## III. Analysis

The facts in this case are not disputed. The issue presented is solely whether KRS 341.370(2) mandates Downey be disqualified from receiving benefits due to her misrepresentation, even though

---

4. As a result of the Commission's decision, Downey was directed to repay the amount of $1,660 to the Commission which represented the benefits she was actually paid for the four weeks, October 23 to November 19, 2011, immediately following her termination; was disqualified from receiving benefits for the two weeks, November 19 to December 3, 2011; and, by virtue of the twenty-six week disqualification imposed by regulation, was disqualified from receiving benefits from December 3, 2011 to June 3, 2012.

5. Kentucky Administrative Regulations.

6. Kindred is a named party to this appeal, but did not file a brief. Kindred filed a cross-appeal in the Warren Circuit Court with respect to the Commission's determinations that Kindred's instruction to cover two halls was unreasonable, that Downey's refusal was justified, and that Downey did not commit misconduct for refusing to obey. The trial court dismissed Kindred's cross-appeal determining that it was not an "aggrieved" party, within the meaning of KRS 341.450(1), and therefore the court had no jurisdiction to decide that issue. Kindred did not file a further cross-appeal in this court.

the misstatement ultimately was immaterial to her entitlement to benefits.

KRS 341.370(2) states:

A worker shall be disqualified from receiving benefits for any week with respect to which he *knowingly made a false statement to establish his right to or the amount of his benefits*, and, within the succeeding twenty-four (24) months, for the additional weeks immediately following the date of discovery, not to exceed a total of fifty-two (52), as may be determined by the secretary.

(emphasis added).

Downey argues her statements, despite their falsity, should not affect her right to benefits. Her reasoning is that the Commission ultimately determined that Kindred's direction to cover two halls was unreasonable, and her refusal to obey and resulting termination did not constitute termination for misconduct. In other words, she was entitled to benefits and the misrepresentation was immaterial to that entitlement. Downey points out that statutes for unemployment compensation "evince[ ] a humanitarian spirit, and ... should be so construed[,]" *Alliant Health Sys. v. Kentucky Unemployment Ins. Comm'n,* 912 S.W.2d 452, 454 (Ky.App. 1995), and, specifically, should be liberally construed in favor of the applicant. *Kentucky Unemployment Ins. Comm'n v. Hamilton,* 364 S.W.3d 450, 453 (Ky.2011). Downey argues that the Commission and the trial court have erroneously adopted a strict construction.

Conversely, the Commission argues KRS 341.370(2) is a separate provision, and is enforced independently. Thus, notwithstanding Downey's entitlement to benefits because she was terminated through no fault of her own, she knowingly provided false statements when trying to establish her right to or the amount of her unemployment benefits. Accordingly, the statute demands Downey "shall" be disqualified from receiving benefits.

 Statutory construction requires certain principles be followed in order to give any statute its full and proper effect as intended by the legislature. When construing a statute, the function of the reviewing court is to effectuate the intent of the legislature. *Vance v. Kentucky Unemployment Ins. Comm'n,* 814 S.W.2d 284, 286 (Ky.App.1991). "[E]ach section of a legislative act should be read in the light of the act as a whole; with a view to making it harmonize, if possible, with the entire act, and with each section and provision thereof, as well as with the expressed legislative intent and policy." *Kentucky Tax Comm'n v. Sandman,* 300 Ky. 423, 426, 189 S.W.2d 407, 409 (1945), *overruled on other grounds by Com. ex rel. Allphin v. Borders,* 267 S.W.2d 940 (Ky.1954). No part of a statute should be interpreted as "meaningless or ineffectual." *Lexington–Fayette Urban Cnty. Gov't v. Johnson,* 280 S.W.3d 31, 34 (Ky.2009). Finally, "statutes will not be given [such a] reading where to do so would lead to an absurd or unreasonable conclusion." *Hall v. Hospitality Res., Inc.,* 276 S.W.3d 775, 785 (Ky. 2008) (quotations and citation omitted).

If the legislature intended to create an exception for otherwise qualified employees not to be subject to disqualification if they provide knowingly false statements in order to receive benefits or in respect to the amount of their benefits, the legislature would have written the section so as to reflect such an exception. *See Bailey v. Reeves,* 662 S.W.2d 832, 834 (Ky.1984) (stating that if "the legislature [had] intended this Section to be limited ... we must assume such language would have been expressed in this Section of the statute[ ]"); *Stone v. Kentucky Ins. Guar. Ass'n,* 908 S.W.2d 675, 678 (Ky.App.1995)

(holding that "[w]hen there are no exceptions to the positive terms of a statute, the General Assembly is presumed to have intended to make none[ ]"). Since no language indicates otherwise qualified employees are exempt from being disqualified for benefits if they provide knowingly false information, this court or any other court may not impute that exception to the statute. *See Beckham v. Bd. of Educ.*, 873 S.W.2d 575, 577 (Ky.1994) (stating "[courts] are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used[ ]").

When Downey made knowingly false statements in order to obtain her benefits, she violated KRS 341.370(2). The facts misrepresented by Downey were solely for the determination of her immediate entitlement to benefits. The purpose of the form upon which she provided these statements was to determine her eligibility for benefits. Thus, Downey's attempt to characterize these facts as immaterial is untenable and fails to support her argument that she should be excepted from the disqualification requirement of KRS 341.370(2).

### IV. Conclusion

Regardless of her ultimate award or denial of benefits, Downey disqualified herself from receiving benefits when she violated KRS 341.370(2).

For the above stated reasons, we affirm the Warren Circuit Court's Order.

ALL CONCUR.