MAZE, JUDGE:
Kenneth Alford appeals from an order of the Ohio Circuit Court affirming a decision by the Kentucky Unemployment Insurance Commission (the Commission) finding that he was disqualified from receiving benefits because he was discharged for misconduct or dishonesty related to his employment. Alford argues that the Commission substituted its own judgment for the reasons given by his employer for the termination. We conclude that the Commission was authorized to consider the conduct on which the employer based the termination, rather than merely the identified rules which the employer claimed that Alford violated. Since the finding of dishonesty was supported by substantial evidence, *369 we affirm the circuit court's decision upholding the Commission's ruling.
Alford was employed by the Ohio County Board of Education (the Board) as a teacher at Ohio County High School from August 6, 2002, until his termination on August 18, 2015. The Board terminated his employment based on accusations that he had provided students with the correct answers to online quizzes. Although Alford denied the accusations, the Board concluded that his actions constituted "conduct unbecoming a teacher," and "failure to provide educational services in a non-discriminatory manner." Consequently, the Board terminated Alford's employment.[1]
Thereafter, Alford filed a claim for unemployment insurance benefits. The claim was denied based on the Board's response that Alford was discharged for misconduct. Alford appealed to the Referee, who conducted a hearing on November 30, 2015. The Referee concluded that Alford was discharged for misconduct or dishonesty connected with his work and was therefore disqualified from receiving benefits.
On further appeal, the Commission found that the Board's stated reasons for discharging Alford, "conduct unbecoming" and "discriminatory treatment," were vague and overly broad. As a result, the Commission concluded that Alford's actions could not constitute a "knowing violation of a reasonable and uniformly enforced rule of an employer." KRS[2] 341.370(6). Nevertheless, the Commission agreed with the Referee that Alford's actions clearly amounted to dishonesty and a willful disregard of his employer's interests and his duties to his employer. Based on this conclusion, the Commission agreed that Alford remained disqualified from receiving benefits. Alford appealed to the Ohio Circuit Court, which affirmed for the same reasons. This appeal followed.
In Kentucky Unemployment Ins. Comm'n v. Cecil , 381 S.W.3d 238 (Ky. 2012), our Supreme Court set out the standard of review for appeals from unemployment insurance determinations.
Judicial review of a decision of the Kentucky Unemployment Insurance Commission is governed by the general rule applicable to administrative actions. "If the findings of fact are supported by substantial evidence of probative value, then they must be accepted as binding and it must then be determined whether or not the administrative agency has applied the correct rule of law to the facts so found." Southern Bell Tel. & Tel. Co. v. Kentucky Unemployment Ins. Comm'n , 437 S.W.2d 775, 778 (Ky. 1969) (citing Brown Hotel Co. v. Edwards , 365 S.W.2d 299 (Ky. 1962) ). Substantial evidence has been defined as evidence which has sufficient probative value to induce conviction in the minds of reasonable people. Kentucky State Racing Comm'n v. Fuller , 481 S.W.2d 298, 308 (Ky. 1972). If there is substantial *370 evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record. Kentucky Comm'n on Human Rights v. Fraser , 625 S.W.2d 852, 856 (Ky. 1981). An agency's findings are clearly erroneous if arbitrary or unsupported by substantial evidence in the record. Id. If the reviewing court concludes the rule of law was correctly applied to facts supported by substantial evidence, the final order of the agency must be affirmed. Brown Hotel Co. , 365 S.W.2d at 302.
Id. at 245-46.
Alford primarily argues that the Commission was not authorized to base his disqualification from receiving benefits on a different reason than that offered by the Board. The Commission has broad authority to re-weigh the evidence and to make a final determination based on that evidence. Burch v. Taylor Drug Store, Inc. , 965 S.W.2d 830, 834 (Ky. App. 1998), abrogated on other grounds by Cecil, supra. See also KRS[3] 341.430(1). We conclude that the Referee and the Commission were entitled to base their findings of disqualification on Alford's conduct, rather than merely the specific rules cited by the Board as a basis for his termination.
The employer bears the burden of proof in establishing that the claimant should be disqualified from receiving benefits because of misconduct. Brown Hotel , 365 S.W.2d at 301. However, the employee bears the overall burden of proof regarding his entitlement to benefits. Id. KRS 341.370(1)(b) disqualifies a worker from benefits following a discharge for misconduct or dishonesty connected with the work. Examples of "discharge for misconduct"
shall include but not be limited to, separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge; knowing violation of a reasonable and uniformly enforced rule of an employer; unsatisfactory attendance if the worker cannot show good cause for absences or tardiness; damaging the employer's property through gross negligence; refusing to obey reasonable instructions; reporting to work under the influence of alcohol or drugs or consuming alcohol or drugs on employer's premises during working hours; conduct endangering safety of self or co-workers; and incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction, which results in missing at least five (5) days work.
KRS 341.370(6).
In this case, we agree with the Commission that the Board failed to establish that the identified policies constituted a reasonable and uniformly enforced rule. As the Commission noted, "conduct unbecoming a teacher" and "discriminatory treatment" are merely broad policies and not specific expectations of behavior. As such, Alford's violation of these policies cannot serve as a basis for the Board's finding of misconduct.
However, the examples of discharge for misconduct set out in 341.370(6) are not exclusive. It is the nature of the alleged conduct, not the label that the employer choses to attach to it, that determines whether an employee's actions amount to misconduct pursuant to KRS 341.370(1)(b). In this case, the Commission found that the Board met its burden of proof that Alford's underlying conduct amounted to dishonesty connected to his work.
The Referee and the Commission both found that Alford provided a student with *371 the correct answers to an online quiz on more than one occasion. Although Alford denied the allegation, there was clearly substantial evidence to support a finding that he engaged in these actions. He asserts that other teachers were merely suspended for their failure to report similar misconduct. The Commission's conclusion on this point is clear and succinct:
Dishonesty is a willful misrepresentation of facts to the employer on a work-related matter and it is statutory misconduct. [Alford's] conduct in assisting a student to cheat on a for-credit school course was an act of dishonesty in that he was a direct participant in deceiving his employer into accepting the student's work as his own.
Therefore, we find no basis to disturb the Commission's conclusion that Alford was discharged for misconduct. As a result, the Commission properly concluded that he was disqualified from receiving unemployment insurance benefits.
Accordingly, we affirm the order of the Ohio Circuit Court affirming the decision of the Commission.
ALL CONCUR.

Following his discharge, Alford sought review of the decision by a three-member tribunal convened by the Kentucky Department of Education. Following a hearing, the tribunal found that there was insufficient evidence to establish that Alford had provided answers to any student during the 2012-2013 school year. However, it did find that Alford inappropriately helped a student with respect to an online summer course in humanities immediately prior to the beginning of the 2015-2016 school year. Consequently, the tribunal reduced Alford's termination to a one-year suspension. On appeal, the Ohio Circuit Court and this Court affirmed the tribunal's decision. Bd. of Educ. of Ohio Cty. v. Alford , No. 2016-CA-001174-MR, 2017 WL 4570564 (Ky. App. October 13, 2017). A motion for discretionary review is currently pending before the Supreme Court (Case No. 2018-SC-000272-D).

Kentucky Revised Statutes.

Kentucky Revised Statutes.