RENDERED: JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0606-MR

DESIREE BAILEY                                                            APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 19-CI-01734

KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION AND
THE HONEY BAKED HAM
COMPANY LLC                                                              APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND ECKERLE, JUDGES.

DIXON, JUDGE: Desiree Bailey appeals the order of the Fayette Circuit Court, entered on May 4, 2022, affirming the Kentucky Unemployment Insurance Commission's (the Commission) determination that she knowingly made false statements in order to obtain benefits. After careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Bailey worked full-time at General Electric (GE) for nearly 40 years before it closed in 2017, and she worked part-time at The Honey Baked Ham Company LLC (HBH) from 1993 through the relevant proceedings. After GE closed, Bailey applied for unemployment insurance (UI) benefits, pursuant to KRS[1] 341 and was approved. To receive her benefits, Bailey was required on a bi-weekly basis from July to December 2017 to answer the following question: "[d]uring this week, did you perform any work for which you were paid or will be paid, or receive any income including wages and tips, odd jobs, self-employment, commission pay, national guard duty pay, holiday pay, or vacation pay?" At issue is Bailey's repeated response: "No."

In January 2019, the Division of Unemployment Insurance (the Division) questioned Bailey regarding whether she had received undisclosed wages from HBH while claiming benefits. Bailey admitted she had but explained she was unaware of her obligation to report this income since her unemployment was from GE. By a February 4, 2019, Notice of Determination, the Division ruled that having committed an act of misrepresentation, Bailey was disqualified from receiving benefits from July to December 2017 and for 52 additional weeks, and that she owed $10,977 in wrongfully paid benefits and penalties.

---

[1] Kentucky Revised Statutes.

Bailey timely appealed to the Division Referee, and a hearing was held on March 1, 2019, wherein Bailey was the only party in attendance and the only witness to testify. During her testimony, Bailey asserted her belief that the question pertained only to wages from GE and that had she understood the Division's intent, she would have duly reported her HBH income. Bailey then asked for leave to correct her answers and to repay the $4,207.17 she received in excess benefits as a result of her misreported income. Bailey absolutely denied seeking any unmerited compensation and cited as proof her request that the maximum for both state and federal taxes be withheld from her benefit checks. At the conclusion of the evidence, the referee marked as an exhibit the February 4, 2019, determination, over Bailey's objection, and affirmed.

In the ensuing appeal, the Commission rejected Bailey's claims that the referee improperly admitted evidence and that her failure to disclose her earnings was an innocent mistake. Bailey then sought review pursuant to KRS 341.450 in the Fayette Circuit Court. After she was again denied relief, this appeal followed.

# LEGAL ANALYSIS

Bailey argues that (1) the Commission's finding that she knowingly provided false information was not supported by substantial evidence, and (2) she was denied an impartial referee and a fair hearing. We shall begin our review with the latter claim.

Bailey contends that the referee abdicated its role as an impartial arbiter[2] and violated her confrontational rights when it *sua sponte* and without foundational testimony introduced the Division's determination. The Commission and the circuit court reasoned any error in the admission of the exhibit was harmless given Bailey's admissions. We affirm on different grounds.

Pursuant to 787 KAR[3] 1:110 Section 5(2)(a), "[a]ll reports, forms, letters, transcripts, communications, statements, determinations, decisions, orders, and other matters, written or oral, from the worker, employer, or personnel or representative of the office that have been written, sent, or made in connection with an appeal shall constitute the record with respect to the appeal." Plainly satisfying this definition, the underlying determination was included as a matter of course in the appellate record available for the referee's consideration. Accordingly, we fail

---

[2] KRS 341.420(1) provides that "[t]he secretary shall appoint one (1) or more impartial referees . . . to hear and decide appealed claims."

[3] Kentucky Administrative Regulations.

to appreciate how the redundant entry of evidence already of record demonstrates bias or prejudice by the referee.  Additionally, Bailey's claim that she was denied an opportunity to confront the evidence is unavailing.  Approximately 21 days in advance of the March 1, 2019, hearing, Bailey was notified that "[a]ny Division records applicable to the issue on appeal w[ould] be included" for the referee's consideration.  Thus, she was afforded ample opportunity to secure necessary witnesses and proof to rebut or explain the evidence of record, including the determination at issue.  Consequently, this claim fails.

We now consider whether substantial evidence supports the finding that Bailey knowingly provided false information and was thereby disqualified from receiving benefits.

As an initial matter, to the extent Bailey argues a finding in her favor is mandated because her benefits were not contested by her employers and an agent of the Division did not attend the hearing and present allegations against her, we disagree.  As explained in *Kentucky Unemployment Insurance Commission v. Watts*:

> [n]o Kentucky authority stands for the proposition that if an employer fails to contest a worker's claim for unemployment benefits, the worker *must* be awarded unemployment benefits.  Such a proposition would be inconsistent with the general rule that no [one] has any prior claim or rights to the amounts paid by the employer into the unemployment trust fund.  *See* KRS 341.530(1).

407 S.W.3d 569, 574-75 (Ky. App. 2013) (emphasis in original). Moreover, as the claimant, Bailey bore the burden of proving her entitlement to benefits. *Alford v. Kentucky Unemployment Ins. Comm'n*, 568 S.W.3d 367, 370 (Ky. App. 2018) (citing *Brown Hotel Co. v. Edwards*, 365 S.W.2d 299, 301 (Ky. 1962)).

Next, before we reach the specifics of Bailey's claim, we must address the applicable standard of review. It is well-established that when substantial evidence supports the Commission's findings of fact, a reviewing court must defer, even if the record contains evidence to the contrary. *Downey v. Kentucky Unemployment Ins. Comm'n*, 479 S.W.3d 85, 88 (Ky. App. 2015). Evidence is substantial if it "has enough probative value to make reasonable people agree as to a conclusion." *Id.* (citing *Thompson v. Kentucky Unemployment Ins. Comm'n*, 85 S.W.3d 621, 624 (Ky. App. 2002)). Acknowledging this general rule, Bailey maintains it is nonetheless inapplicable because it is premised on the Commission being comprised of three members, and here the Commission consisted of only one temporary "acting" representative. However, as Bailey has cited no authority in support of her position and the composition of the Commission is permitted by law,[4] we are unpersuaded.

---

[4] KRS 341.430(3) states, "the chairman shall act alone in the absence or disqualification of any other member[ of the commission]." Additionally, pursuant to 787 KAR 1:110 Section 4(3)(a), "[t]he commission may direct that any hearing be conducted on its behalf by an authorized representative."

Finally, as to the merits, the crux of Bailey's argument is that the finding she acted knowingly is not supported by competent evidence where the proof consists solely of her testimony that she made a reasonable mistake. She further states that without direct evidence rebutting her testimony, the Commission's conclusion wholly relies on an unreasonable inference that the validity of the answer is determinative of intent.

KRS 341.370(2) provides that "[a] worker shall be disqualified from receiving benefits for any week with respect to which he or she knowingly made a false statement to establish his or her right to or the amount of his or her benefit[.]" As knowingly is not generally defined by KRS 341, we afford the term its plain and ordinary meaning. *Kentucky Occupational Safety and Health Review Comm'n v. Estill County Fiscal Court*, 503 S.W.3d 924, 929 (Ky. 2016). Pursuant to BLACK'S LAW DICTIONARY (11th ed. 2019), one acts knowingly if they "engage[] in prohibited conduct with the knowledge that the social harm that the law was designed to prevent [i]s practically certain to result; deliberately." Additionally, in the context of criminal law, Kentucky courts have held that the element can be satisfied by circumstantial evidence. *See Love v. Commonwealth*, 55 S.W.3d 816, 825 (Ky. 2001).

Supporting its finding that Bailey acted knowingly, the Commission stated:

-7-

[i]nitially, the explanation provided is counter intuitive; there is no logical basis for [Bailey's] purported belief that she was only to report work/wages with an employer (GE) with which she was no longer employed and from which she would obviously not perform work or earn wages. Moreover, the pertinent question is not ambiguous or open to subjective variant interpretation. It asks directly and simply if [Bailey] performed _any work_ for which _any income_ had been or would be paid. Under the circumstances and evidence presented, the provided explanation for [Bailey's] acknowledged failure to report _any_ wages earned during _any_ week claimed is not logical, credible[,] or exonerating.

Accordingly, contrary to Bailey's assertion otherwise, the Commission's determination was not grounded solely upon the fact she supplied an incorrect answer but, rather, was based on its conclusion that her claim of mistake was not credible. On appeal, "[a] court may not substitute its opinion as to the credibility of the witnesses, the weight given the evidence, or the inferences to be drawn from the evidence." _Thompson_, 85 S.W.3d at 624. Moreover, given the broad scope of the question, we agree that substantial evidence supports the Commission's finding, and absent a mistake, the only viable inference is that Bailey deliberately misrepresented her earnings in an effort to obtain unmerited benefits. Consequently, we find no error.

**CONCLUSION**

Therefore, and for the foregoing reasons, the order of the Fayette Circuit Court is AFFIRMED.

ALL CONCUR.


BRIEFS FOR APPELLANT:

James Maxson
Lexington, Kentucky

BRIEF FOR APPELLEE
KENTUCKY UNEMPLOYMENT
INSURANCE COMMISSION:

Andrew T. Bryson
Frankfort, Kentucky